TOWN OF WASHINGTON v. JOHN H. HAMMOND.

*Jurisdiction—Conflict of Municipal and State Law.*

1. The Act of the General Assembly, (Laws 1871–'72, ch. 195,) establishing Special Courts in cities and towns, is constitutional

2. The uperior Courts have exclusive jurisdiction of misdemeanors, where the punishment is not limited to a fine not exceeding fifty dollars, or imprisonment not exceeding one month.

3. Municipal ordinances and by-laws must be in harmony with the general laws of the State, and whenever they come in conflict with such general laws, must give way. *Therefore*, where an act is a criminal offence indictable in the Superior Courts, an ordinance of a city or town, making such act a criminal offence punishable by fine or imprisonment, is void.

(*State* v. *Thr adgill,* at this term, *Town of Edenton* v. *Wool,* 65 N. C. 379 and *State* v. *Pender,* 66 N. C. 313, cited and approved )

CRIMINAL ACTION, tried at Fall Term 1876 of BEAUFORT Superior Court, before *Moore, J.*

This was an appeal by the defendant from the judgment of the Intendant of Police of the Town of Washington, sentencing him to jail for violation of an ordinance, of which the following is a copy : "No. 21. All persons are prohibited from injuring or damaging the pumps, bridges or any other public property. Any violation of this ordinance shall subject the offender to a fine of not more than twenty dollars, or imprisonment of not more than one month." The Market House was the property alleged to have been injured by defendant.

The defendant moved to dismiss the action : 1. Because the Act of 1871–'72, ch. 195, conferring criminal jurisdiction upon chief officers of cities and towns, is unconstitutional, in that the jurisdiction of Justices of the Peace is exclusive. 2. Because the said Act delegates power to enact criminal law.

His Honor sustained the motion and dismissed the case, and held the Act to be unconstitutional. From this ruling, the plaintiff appealed.

*Mr. D. M. Carter*, for plaintiff.
*Mr Geo. H. Brown, Jr.* for defendant.

Bynum, J. The Constitution provides that the judicial power of the State shall be vested in a Court for the trial of Impeachments, a Supreme Court, Superior Courts, Courts of Justices of the Peace and *Special Courts.* Art. IV. § 4. It also declares that the General Assembly shall provide for the establishment of *Special Courts* for the trial of misdemeanors, in cities and towns, where they may be necessary. Art IV. § 19. Here then is an express power to create Special Courts for the trial of misdemeanors, in cities and towns, where they may be necessary; and the General Assembly is constituted the judge of the necessity, and when deemed to be necessary, is clothed with the power and duty of creating them. Accordingly, the Legislature of 1871–'2, by an Act, ch. 195, § 1, (see Bat. Rev. ch. 111, § 30,) did exercise the power by constituting the chief officers of all the incorporated cities and towns of the State, the officers to hold such Special Courts in their respective municipalities, and conferred upon them jurisdiction over misdemeanors committed within their corporations, to-wit: that of Justices of the Peace. Under the Constitution, both before and since it has been amended, these Special Courts can exercise no civil jurisdiction at all, and no criminal jurisdiction except over misdemeanors. It was not necessary for the Act creating, to designate them by name, as *Special Courts*, if the powers and duties imparted to them constituted them such. His Honor, therefore, erred in holding that the Act so establishing these Courts, is unconstitutional and void. *Town of Edenton* v. *Wool et al.*, 65 N. C. 379. *State* v. *Pender*, 66 N. C. 313.

But the question occurs: Has the Intendant of the town final jurisdiction in this case? The charge is, that the defendant wilfully injured the "Market House" of the town, in violation of "Ordinance No. 21," declaring the offender liable to a fine of twenty dollars or imprisonment of not more than a month. The general criminal law of the State, long prior to the ordinance, had made the *same act and offence*, a misdemeanor. Bat. Rev. ch. 32. §§ 23–29. As under the general law, all misdemeanors are punishable by fine and imprisonment at the discretion of the Superior Court, so by the Constitution, the jurisdiction over such offences appertains exclusively to the Superior Courts, unless some statute has limited the punishment to a fine not exceeding fifty dollars or imprisonment not exceeding one month. Art. IV. § 15. (Amended Const. Art. IV. § 25.) We are unaware of any statute which has so limited the punishment of this offence. It does not then fall within the jurisdiction of a Justice of the Peace, and by consequence is not within the jurisdiction of the Intendant of the town. The jurisdiction of the Superior Courts remains exclusive, unless the next position of the prosecution is true. It is next contended, however, that "Ordinance No. 21," creates an offence which is made a misdemeanor by statute. Bat. Rev. ch. 3, § 31. It is in these words : "Any person violating any ordinance of any city or town of this State, shall be guilty of a misdemeanor." It is insisted that the ordinance having prescribed a punishment for the offence, which brings it within a Justice's jurisdiction, the Intendant thereby acquires jurisdiction. This Court will be slow to ascribe to this loose statute, the effect of divesting, by implication merely, the original and exclusive jurisdiction of the Superior Courts, over the offence charged in this action. Both the ordinance and the general law make the same offence a misdemeanor. The offender cannot be tried and punished under both laws, for that would be to

punish twice for the same offence, and besides, the punishment by the ordinance is limited, and by the general law it is not limited, so the jurisdictions are not concurrent. But the evil would be much greater if they could thus be made concurrent. For example, bribery, perjury, counterfeiting, cheating by false tokens, &c., are misdemeanors. Suppose a town ordinance, declaring these to be misdemeanors, should limit their punishment to fifty dollars fine or a month's imprisonment! It would follow, that the Intendant and Justices of the Peace would thus gain exclusive original jurisdiction, for the Superior Courts have no original jurisdiction when punishments are thus limited. No such construction can be given to the statute, which will strip the Superior Courts of their jurisdiction and unfix the criminal law, and subject it to the caprices and fickleness of town ordinances.

The true principle is that municipal by-laws and ordinances must be in harmony with the general laws of the State, and whenever they come in conflict with the general laws, the by-laws and ordinances must give way. The question does not arise, in our case, whether the State may not expressly confer upon a municipal corporation the power to pass local laws which shall exclude the general laws of the State on particular and enumerated subjects. By-laws and State laws may stand together, if not inconsistent, and possibly the same Act may constitute an offence both against the State and municipal law, and both may be punished if the by-law is strictly a police regulation only. Cooley on Const. Lim. 199.

In our case, the "Ordinance No. 21" comes in conflict with the general law, both as to the offence and the established jurisdiction of the Superior Court, and must go down before it. See *State v. Threadgill, at this term.*

It is clear, beyond doubt, that as the Act of 1871–'72, has established Special Courts in cities and towns, as is author-

Town of Washington v. Hammond.

ized by the Constitution as it was, and as it is now amend-ed, (Art. IV. §. 25) the General Assembly has the power to vest in these Courts, original and final jurisdiction over all misdemeanors whatever. Whether it would not be a most beneficial and economical jurisdiction, if extended to the Mayors of the principal and most populous cities and towns of the State, thus relieving the Superior Courts of a mass of business, which in some counties has engrossed the whole time of the regular terms of the Courts and been the subject of much complaint, is an inquiry which we cannot pursue. Some of the difficulties of construing the present Act, estab-lishing these Special Courts, have been necessarily noticed in the course of this opinion. It is loosely worded and fails clearly to establish these Courts and to define the extent of their jurisdiction and powers and mode of procedure.

We are of opinion that the Intendant had no jurisdiction. There is no error. This will be certified.

Per Curiam.                                    Judgment affirmed.