STATE v. O. S. LANGSTON.

*Towns and Cities—Jurisdiction.*

The power conferred by a town charter to pass ordinances for its local government, is in subordination to the public laws regulating the same matter for the entire state; *Therefore*, a town ordinance punishing the offence of selling liquor on Sunday, must give way to the general statute on that subject. Act 1877, ch. 38. The jurisdiction to try such offence is given to the superior court.

(*Washington* v. *Hammond,* 76 N. C., 33, cited and approved).

CRIMINAL ACTION commenced before the mayor of a city, and heard on appeal at Fall Term, 1882, of WAYNE Superior Court, before *MacRae, J.*

*Attorney-General,* for the State.
*Mr. W. T. Dortch,* for defendant.

SMITH, C. J.   The defendant was brought before the mayor of the city of Goldsboro, on his warrant, charged with violating an ordinance of the city which forbids any person, having license, to sell spirituous liquors on the Sabbath, and imposes a fine of twenty dollars therefor. He was convicted on the trial, and appealed to the superior court, where the action was dismissed for want of jurisdiction in the mayor, and thence the appeal by the solicitor for the state brings the cause to this court.

The general assembly, at its session of 1876–'77, passed an act which went into effect on January 11, 1877, the first section whereof declares it " unlawful for any person to sell spirituous or malt, or other intoxicating liquors on Sunday, except on the prescription of a physician and for medical purposes." The second section enacts that " any person so offending shall be deemed guilty of a misdemeanor, and on conviction shall be fined or imprisoned, or both, at the discretion of the court." The third section repeals all acts inconsistent with it.   Acts 1876–'77, ch. 38.

This statute, more comprehensive in its scope than the ordinance, embracing as well those who have not, as those who have, license to sell, and involving the same criminal act for which is prescribed a punishment by fine or imprisonment at the discretion of the court, must supersede the latter.

The rule is thus stated as a deduction from the decided cases: " A general grant of power, such as a mere authority to make by-laws, or to make by-laws for the good government of the place, and the like, should not be held to confer authority upon the corporation to make an ordinance punishing an act; for

example, an assault and battery, which is made punishable as a criminal offence by the laws of the state." 1 Dill. on Mun. Corp., § 302. The power conferred upon the municipal body is presumed to be in subordination to a public law regulating the same matter for the entire state, unless a clear intent to the contrary is manifest.

The ruling of the court is fully sustained by the decision in *Town of Washington* v. *Hammond,* 76 N. C., 33, and must be affirmed.

No error.                                        Affirmed.