## STATE v. JOHN W. BRITTAIN.

### *Towns and Cities—Retailing.*

1. Town ordinances must be subordinate to and harmonize with the general law of the state, unless special powers are conferred upon the town by its charter.

2. Therefore, in the absence of special authority over the subject, *it was held*, that an ordinance prohibiting the sale of liquor within the corporate limits of a town is void, as the general law allows retailing upon obtaining license.

3. *Quaere*, whether the legislature can authorize a town to make an offence against the state a separate offence against the town.

(*Hammond's Case*, 76 N. C., 33; *State* v. *Langston*, 88 N. C., 692, cited and approved).

CRIMINAL ACTION tried at Spring Term, 1883, of HENDERSON Superior Court, before *Avery, J.*

This was an appeal by the defendant from a judgment of the

mayor of the town of Hendersonville, imposing upon the defendant a fine of fifty dollars for the violation of a town ordinance, which is as follows:

"No. 25. That to sell spirituous, vinous or malt liquors within the corporate limits of the town of Hendersonville is declared a nuisance, and any person who may be guilty of said offence shall, upon conviction before the mayor, forfeit and pay a fine not to exceed fifty dollars, or be imprisoned in the lock-up in said town for not more than twenty days."

The defendant moved to quash the warrant issued by the mayor for his arrest, but it is unnecessary to set it out here, as the decision of this court is upon another point involved in the case. The appeal, however, is taken by the state solicitor from the ruling of the judge in granting the motion to quash.

*Attorney-General,* for the State.
*Mr. J. C. L. Harris,* for defendant.

MERRIMON, J. Municipal ordinances and by-laws must always be subordinate to and harmonize with the general laws of the state, unless in cases where special powers are conferred upon the municipality to pass ordinances inconsistent with the general law. Nor can municipalities, by ordinances, create offences known to the general laws of the state, and provide for the punishment of the same, unless they have special authority so to provide conferred either by some general or special statute. Hence, when an offence is indictable in the superior court, a city or town ordinance, making the same act, or substantially the same act, an offence punishable by fine or imprisonment, such ordinance is void. It may be that the legislature has power to authorize a town to make an offence against the state a separate offence against the town, but this could be done only by an express grant of authority. *Town of Washington* v. *Hammond*, 76 N. C., 33; *State* v. *Langston*, 88 N. C., 692.

The statutes of this state make it indictable to sell spirituous

liquors by a measure less than a quart without first having obtained a license so to do. THE CODE, §§ 1076, 3701.

These statutes embrace and apply to "the town of Hendersonville."

It appears from the record that that town has an *ordinance* that prohibits within its corporate limits the sale of "spirituous, vinous and malt liquors"; declares such a sale a *nuisance*, and that all persons offending against it shall be punished by a fine, or imprisoned in the town prison.

Now, "the town of Hendersonville" has no special power conferred upon it by law to prohibit the sale of liquors; it cannot do so, certainly as to retailing spirituous liquors by a measure less than a quart, by virtue of its general powers, because the general laws of the state have provided that persons may so retail there, first having obtained a license so to do, and made it indictable to retail without a license.

The ordinance in question, first, prohibits a business allowed and regulated by the general law of the state; secondly, it creates an offence and provides the punishment therefor, embraced by an offence punishable by the like general law. It is plainly inconsistent with and undertakes to supersede a law of the state. It is therefore void.

It may be said that if the ordinance is void as to spirituous liquors, it is not so as to vinous and malt liquors. We are not called upon to decide that question. The proof was that the defendant sold liquors, and it must be taken that he sold spirituous liquors. Most generally the term "liquors" implies spirituous liquors; and besides, if the prosecutor insisted that the defendant sold vinous and malt liquors, the *onus* was on him to show the fact.

The warrant is informal, but it is unnecessary to decide the question raised as to its validity, as the exception we have considered disposes of the case.

There is no error, and the judgment must be affirmed. Let this be certified.

No error. Affirmed.