STATE v. SAMUEL KEITH.

*Jurisdiction—Town Ordinance—Resisting Town Officer.*

An ordinance of a city or town, which makes an act which is punishable as a criminal offence under the general law of the State, an offence against the town, punishable by fine or imprisonment, is void.

(*Washington* v. *Hammond*, 76 N. C., 33; *State* v. *Langston*, 88 N. C., 692; *State* v. *Brittain*, 89 N. C., 574, cited and approved).

INDICTMENT, commenced by a warrant returnable before the mayor of Raleigh, and carried by appeal to the Superior Court of WAKE county, where it was tried before *Clark, Judge,* and a jury, at November Criminal Term, 1885.

The defendant was arrested and held to answer criminally, under a warrant issued by the Mayor of the city of Raleigh, wherein it is alleged, that he did "unlawfully and wilfully assault, oppose, and resist, officer W. E. Hogue, a member of the police force of said city, while in the discharge of his duty, in violation of the Ordinance of the City of Raleigh, §9 chapter 11, contrary to," &c.

The following is a copy of the ordinance referred to:

"Any person who shall assault, oppose, or resist, or in any manner abuse or insult any officer of the city of Raleigh, or member of the police force, while in the discharge of any duty, shall be fined fifty dollars, or suffer imprisonment not to exceed thirty days."

On the trial, the Mayor found the defendant guilty, and gave judgment against him, from which he appealed to the Superior Court. In the latter Court, the jury rendered a special verdict, by which it appeared, that the defendant did resist and strike the officer mentioned in the warrant, while he was lawfully endeavoring to arrest him.

The Court being of opinion that the Mayor had no jurisdiction to try the defendant for the supposed offence, and that the ordinance was void, directed a verdict of not guilty to be entered, gave judgment for the defendant, and the Solicitor for the State appealed to this Court.

*Attorney-General,* for the State.
*Mr. J. C. L. Harris,* for the defendant.

MERRIMON, J. (after stating the facts). The defendant is charged with a violation of the ordinance referred to in the warrant, and not for an assault. So much of that ordinance as is material here, undertakes to make an assault upon a public officer of the city of Raleigh, while in the discharge of his official duty, an offence against the city, punishable by fine or imprisonment.

It is indictable under the general law of the State, to so assault such officer, and it is settled that a town ordinance, that undertakes to make that which constitutes a criminal offence under the general law of the State, an offence against the town, punishable by fine or otherwise, is inoperative and void. So that so much of the ordinance in question, as declares an assault upon the officer of the city named, while in the discharge of his official duty, punishable by fine or imprisonment, is void. *Town of Washington* v. *Hammond,* 76 N. C., 33; *State* v. *Langston,* 88 N. C., 692; *State* v. *Brittain,* 89 N. C., 574.

There is no error, and to the end that the judgment may be affirmed, let this opinion be certified to the Superior Court. It is so ordered.

No error.                                            Affirmed.