STATE v. T. C. McCOY,

*Ordinance—Conflict with General Law.*

Gambling being an offence under the general law (Ch. 29, Acts of 1891) a city ordinance covering the same subject is void.

The defendant was convicted of gambling in violation of a city ordinance and appealed to the Criminal Court of Buncombe in which, at the January Term, 1895, he was tried and convicted before *Jones, J.*, and a jury, and appealed.

*The Attorney General*, for the State.
No counsel, *contra*.

Faircloth, C. J.: The Act of Assembly, 1891, Ch. 29, declares, "That it shall be unlawful for any person to play at any game of chance, at which money, property or other thing of value is bet, whether the same be in stake or not,

STATE *v.* McCOY.

and those who play and those who bet thereon shall be guilty of a misdemeanor."

The ordinance of the City of Asheville under which the defendant is arraigned, adopted July 8th, 1887, says "Any and all persons who shall (play) at any game of chance in the corporate limits of the city of Asheville with cards, for any money or other articles of value, whether said money is staked or not, shall pay a fine of $50." The defendant is charged with gambling in said city in 1894, by playing a game. of chance with cards for money, &c., and the only question submitted is "Does the Mayor have jurisdiction of such offences?" Under the Act of 1891, *supra*, it is clear that the Superior Court has jurisdiction of the offence therein declared, and it is so well settled that municipal by-laws and ordinances must be in harmony with the general laws of the State and when they are in conflict the by-laws and ordinances must give way, that we deem it unnecessary to reargue the question. Town of *Washington* v. *Hammond*, 76 N. C., 33 ; *State* v. *Langston*, 88 N. C., 692 ; *State* v. *Brittain*, 89 N. C., 574 ; *State* v. *Keith*, 94 N. C., 933.

The fact that cities may have different regulations on the same subject can make no difference for they are all subject to the rule above stated. We think the Mayor in the present case was without jurisdiction of the offence charged.

Error.