## STATE v. BOB FRESHWATER.

### (Filed 5 April, 1922.)

**Automobiles—Speed Limits—Cities and Towns—Statutes—Ordinances.**

> Town ordinances regulating automobiles, speed limits, etc., within the town in conflict with the statutes on the subject, C. S., 2599, 2618, are void under the provisions of C. S., 2601, and apart from the express provisions of the last named section, they must yield to the statute law of the State, such powers being a delegated legislative function.

APPEAL by defendant from *Kerr, J.,* at February Term, 1922, of ALAMANCE.

Defendant was convicted of violation of an ordinance of the city of Burlington.

The ordinance is as follows: "That the speed limit on all automobiles, motor cars, electric and steam vehicles of any and all kinds shall not exceed eight miles an hour over the streets in what is known as the fire limits; and through and over any other streets of the city of Burlington the speed limit shall not exceed fifteen miles an hour; that in turning from one·street to another, the signal must be given, and that the mufflers on all automobiles shall not be open within the fire limits.

"Any person violating any of the provisions of this ordinance shall, upon conviction before the mayor, be punished by a fine of $5; for the second offense, or any subsequent offense, he shall be punished by a fine of $10; and upon conviction of the third offense the permit to operate automobiles or other motor vehicles shall be canceled." Sections 57-B, 57-H.

At the close of the State's evidence, the defendant moved to dismiss as in case of nonsuit. C. S., 4643. The motion was overruled, and the defendant excepted. Verdict of guilty; judgment, and appeal by defendant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*William I. Ward for defendant.*

ADAMS, J. The ordinance is plainly in conflict with C. S., 2599 and 2618. Section 2601 inhibits the governing body of·a municipal corporation from passing any ordinance contrary to the provisions of the chapter in which these sections are found. But without regard to this statutory inhibition, the conflict would be fatal. Municipal ordinances are ordained for local purposes in the exercise of a delegated legislative function, and must harmonize with the general laws of the State. In case

of conflict the ordinance must yield to the State law. The motion to dismiss the action should therefore have been allowed. *Washington v. Hammond,* 76 N. C., 33; *S. v. Langston,* 88 N. C., 693; *S. v. Brittain,* 89 N. C., 574; *S. v. Keith,* 94 N. C., 933; *S. v. Austin,* 114 N. C., 855; *S. v. McCoy,* 116 N. C., 1059; *S. v. Black,* 150 N. C., 866. On the defendant's motion the judgment is reversed, and this will be certified.

Reversed.