## Tea v. New Brighton Borough.

*Municipalities—Boroughs—Ordinances—Ordinance making sale of liquor an offence — Noxious business — 18th Amendment — Volstead Act — Act of May 5, 1921.*

1. Where the State has made a particular act a crime, with a penalty of fine and imprisonment, a borough cannot by ordinance make such an act an offence against the borough punishable by fine and imprisonment.

2. A borough has no power to enact an ordinance making it unlawful and punishable by fine and imprisonment for any person "to make, transport or sell" within the limits of the borough any vinous, spirituous, malt or brewed liquors contrary to the Constitution and laws of the United States of America.

3. A general grant of authority under the Borough Code to prohibit a "noxious" business does not give it authority to prohibit the selling of liquor.

Act of May 5, 1921, P. L. 407, considered.

*Certiorari* to burgess. C. P. Beaver Co., March T., 1923, No. 353.

*A. G. Helbling,* for plaintiff in error.

*Harry Calhoun,* for defendant in error.

BALDWIN, P. J., Aug. 27, 1923.—This *certiorari* raises the question of the validity of the following ordinance of the Borough of New Brighton, enacted Oct. 6, 1922:

"An ordinance making it unlawful for any person to make, transport or sell within the limits of the Borough of New Brighton, County of Beaver, State of Pennsylvania, or to have in possession within said limits with intent to transport or sell any vinous, spirituous, malt or brewed liquors, or any admixture

4 D. & C.

thereof, contrary to the Constitution and the laws of the United States of America, and providing a penalty for its violation.

"Whereas, the making, transportation or sale within the limits of the Borough of New Brighton, or the having in possession within said limits with the intent to transport or sell, any vinous, spirituous, malt or brewed liquors, or any admixture thereof, contrary to the Constitution and laws of the United States of America, is a noxious manufacture and business and is offensive to the inhabitants of this borough.

"And whereas, such making, transportation or sale, and having in possession with intent to transport or sell, is destructive of the good order and government of this borough.

"And whereas, the Commonwealth of Pennsylvania has amended its laws regulating the manufacture, transportation and sale of such liquors for the purpose of bringing said laws into harmony with the Constitution and laws of the United States of America.

"And whereas, under the laws of the Commonwealth of Pennsylvania this borough is authorized to prohibit within the borough the carrying on of any manufacture, art, trade or business which may be noxious or offensive to the inhabitants, and to make such laws, ordinances, by-laws and regulations, not inconsistent with the laws of the Commonwealth of Pennsylvania, as it may deem necessary for the good order and government of the borough.

"And whereas, it is deemed that all of the powers of government, national, state and municipal, be concentrated for the prohibition of this noxious violation of the Federal Constitution.

"Now be it ordained by the Town Council of the Borough of New Brighton, a municipal corporation in the County of Beaver, State of Pennsylvania, and it is hereby ordained by the authority of the same:

"Section 1. That it shall be unlawful for any person to make, transport or sell within the limits of the Borough of New Brighton, County of Beaver, State of Pennsylvania, or to have in possession within said limits with the intent to transport or sell any vinous, spirituous, malt or brewed liquors, contrary to the Constitution and laws of the United States of America.

"Section 2. That any person violating this ordinance, upon conviction before the burgess or any justice of the peace, shall be adjudged to forfeit and pay to the Borough of New Brighton a penalty of not more than one hundred dollars, and in default of payment shall be sentenced to undergo imprisonment in the jail of the County of Beaver, at Beaver, Pennsylvania, for a period of not more than thirty days.

"Section 3. That upon conviction of any person for violation of this ordinance, the burgess or justice of the peace shall forthwith transmit to the District Attorney of the County of Beaver a transcript of the testimony taken before him in such case."

The plaintiff in error was charged with a violation of this ordinance, and the testimony taken before the burgess shows that the specific offence for which he was convicted was selling whiskey. Having been convicted and fined $100 under said ordinance, plaintiff in error sued out this writ of *certiorari*. The assignments of error raise a number of questions, but at the argument counsel on both sides addressed themselves simply to the question of whether or not the ordinance above cited is a valid exercise of municipal authority.

The ordinance makes it unlawful for any person "to make, transport or sell within the limits of the Borough of New Brighton, . . . or to have in possession within said limits with intent to transport or sell any vinous,

spirituous, malt or brewed liquors, contrary to the Constitution and laws of the United States of America." The liquors mentioned are not specifically designated as intoxicating; but the reference undoubtedly is to the 18th Amendment and the National Prohibition Act, commonly known as the Volstead Act, and its amendments. Whether the inhibition of the Acts of Congress may be incorporated in an ordinance merely by reference thereto may well be doubted; but we pass this question for the purposes of this opinion in order to dispose of the main question involved.

At the time of the enactment of the ordinance and the time of the alleged offence by the plaintiff in error, it was an indictable misdemeanor under the Act of May 5, 1921, P. L. 407, to manufacture, sell or transport intoxicating liquors for beverage purposes under penalty of a fine of not less than $100 nor more than $5000, or an imprisonment of not more than three years, or both, at the discretion of the court. It having thus been made a high misdemeanor against the State for a person to so manufacture, sell or transport intoxicating liquor, is it lawful for a borough to make the same act an offence against the borough? We think not. The general rule, and we believe it to be sound, is thus stated in 2 Dillon on Municipal Corporations (5th ed.), § 632: "A general grant of power, such as mere authority to make by-laws, or authority to make by-laws for the good government of the place, and the like, should not be held to confer authority upon the corporation to make an ordinance punishing an act—for example, an assault and battery—which is made punishable as a criminal offence by the laws of the State. . . . Where the act is in its nature one which constitutes two offences, one against the State and one against the municipal government, the latter may be constitutionally authorized to punish it, though it be also an offence under the State law; but the legislative intention that this may be done ought to be manifest and unmistakable, or the power in the corporation should be held not to exist."

Some of the decisions of other states so holding in substance are: Savannah *v.* Hussey, 21 Ga. 80; Vason *v.* Augusta, 38 Ga. 542; Reich *v.* State, 53 Ga. 73; Wayne Co. *v.* Detroit, 17 Mich. 390; New Orleans *v.* Miller, 7 La. An. 651; State *v.* Keith, 94 N. C. 933; Judy *v.* Lashley, 41 S. E. Repr. 197; 50 W. Va. 628.

The general grant of authority in the Borough Code to "prohibit" within the borough such manufactures, arts, trades or businesses as may be noxious or offensive to the inhabitants cannot be construed to confer authority to prohibit the commission of an act declared by the legislature to be a crime against the State. If boroughs may legislate by ordinance against the manufacture, sale or transportation of intoxicating liquors within their limits on the ground that these things are noxious, they could, by the same reasoning, pass ordinances and punish offenders against practically all the crimes in the calendar, including assaults and batteries, bigamy, bribery, burglary, counterfeiting and homicides. These crimes are all "noxious" in the sense that they are harmful and pernicious. But noxious, as used in the Borough Code, is descriptive of such manufactures, arts, trades or businesses which, though legitimate in themselves, are unwholesome or insalubrious, and, consequently, offensive to the inhabitants of a borough when conducted therein.

We, therefore, do not see how the language of the Borough Code can be construed so as to give boroughs power to prohibit by ordinances crimes against the people of the State, as to which the Constitution (article I, section 9) guarantees the accused a trial by jury. The offences against which a borough may legislate are petty offences, often termed quasi-criminal, which are a breach of local police regulations. These have never been regarded as

4 D. & C.

Tea *v.* New Brighton Borough.

amounting to crimes, and it has always been held that summary convictions for the same are lawful. As said by Strong, J., in Byers *v.* Com., 42 Pa. 89: "Summary convictions for petty offences against statutes are always sustained, and they were never supposed to be in conflict with the common law right to trial by jury."

The judgment of the burgess should, therefore, be reversed and set aside and restitution of the fine and costs directed, and it will be so ordered.

Now, Aug. 27, 1923, judgment of the burgess is reversed and set aside and restitution of the fine and costs directed.