H. B. STEPHENS v. BEN JOHNSON.

(Filed 1 March, 1939.)

1. **Automobiles §§ 12e, 18h—Instruction that attempt to cross "through highway" intersection in front of truck driven at excessive speed constituted negligence per se held error.**

   Plaintiff's truck was traveling along a "through highway." Defendant was driving his car along an intersecting side road. The vehicles collided at the intersection, the front of the truck striking the side of defendant's car. The court instructed the jury that if defendant saw the truck approaching the intersection at a high or improper rate of speed, and notwithstanding this fact continued on into the intersection in an attempt to cross said highway ahead of the truck, such action would constitute negligence. *Held:* The instruction runs counter to the statute, ch. 407, sec. 120, Public Laws of 1937, and is error. *Sebastian v. Motor Lines,* 213 N. C., 770, cited as controlling.

2. **Automobiles § 18h: Negligence § 20—**

   It is error for the charge on the issue of negligence involved in the case to omit any reference to proximate cause.

APPEAL by defendant from *Clement, J.,* at November Term, 1938, of CASWELL.

Civil action to recover damages for injury to plaintiff's truck alleged to have been caused by the negligent operation of defendant's automobile when the two collided at the intersection of a dirt road known as Cobb Memorial School Road and Highway No. 158, the latter being designated as a "Through Highway."

The plaintiff's truck was traveling easterly on Highway No. 158. The defendant approached the intersection from the south, in his Model T coupe, loaded with tobacco.   "It looked like he speeded up and tried

to beat me across," according to the testimony of the driver of the truck. The machines collided near the center of the road, the front of the truck striking the side of defendant's car.

There was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*C. L. Pemberton and Emerson T. Sanders for plaintiff, appellee.*
*Glidewell & Glidewell for defendant, appellant.*

STACY, C. J. The following special instruction, given at the request of the plaintiff, forms the basis of one of defendant's exceptive assignments of error:

"That if the driver of the Johnson car saw the Stephens truck approaching the intersection at a high or improper rate of speed, and notwithstanding this fact continued on into the intersection in an attempt to cross said highway ahead of the Stephens truck, such action on the part of the driver of the Johnson car would constitute negligence."

This instruction runs counter to the statute, ch. 407, Public Laws 1937, sec. 120, and is at variance with what was said in *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539. Reference to the *Sebastian case* will suffice to make clear the error. It is also observed that the instruction omits any reference to proximate cause. *Hurt v. Power Co.,* 194 N. C., 696, 140 S. E., 730.

For the error as indicated, a new trial must be awarded. It is so ordered.

New trial.