CHARLES P. ELDRIDGE AND LUCY C. ELDRIDGE, HIS WIFE, v. P. M. MANGUM, BUILDING AND ELECTRICAL INSPECTOR OF THE CITY OF RA-LEIGH; GRAHAM H. ANDREWS, MAYOR AND COMMISSIONER OF PUBLIC ACCOUNTS AND FINANCE; R. C. POWELL, COMMISSIONER OF PUBLIC SAFETY; AND ROY L. WILLIAMSON, COMMISSIONER OF PUBLIC WORKS, CONSTITUTING THE BOARD OF COMMISSIONERS OF THE CITY OF RALEIGH, STATE OF NORTH CAROLINA.

(Filed 29 November, 1939.)

1. **Municipal Corporations § 5—**

Where there is a conflict between a municipal ordinance and the general law of the State regulating the same matter, the ordinance must yield to the State law.

2. **Municipal Corporations § 37—Change in zoning regulations must be made in conformity with general law.**

It appeared that the proposed change in the defendant municipality's zoning regulations was protested by the owners of 20 per cent of the lands in the vicinity prescribed by the pertinent general law and the municipal ordinance, that the general law provided that in such instance the change should be approved by three-fourths of all the members of the legislative body of the municipality, that an ordinance of the municipality provided that such change should be approved by a majority of the city commissioners, and that two of the three city commissioners voted in favor of. the change. *Held:* The general law prevails over the municipal ordinance, and the proposed change not having been approved by three-fourths of the legislative body of defendant municipality, plaintiff is not entitled to *mandamus* to require the city officials to declare the property rezoned. Section 27, Chapter VII, of the Ordinances of the City of Raleigh; chapter 250 (5), Public Laws of 1923; Michie's Code, 2776 (b).

APPEAL by defendants from *Frizzelle, J.,* at October Term, 1939, of WAKE.

Defendants filed demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action, for the reason that it appears from the complaint that it is a petition for a *mandamus* to require the officials of Raleigh to declare certain property zoned for the erection of a filling station, and that the petitioners rely upon a city ordinance relating to changes in district maps and regulations pertaining to municipal zoning, and also that at a hearing as to the zoning of the property involved there was not a three-fourths vote of the Board of Commissioners to adopt the recommendation of the Zoning Commission that the property be zoned for business, and finally that the general law provides that a three-fourths vote of the legislative body of the municipality is required to make any change in the zone maps where a protest against such change is filed by the owners of 20 per cent of the lands adjacent to and in the rear for 100 feet of the land sought to be zoned, and opposite the land sought to be zoned for a depth of 100 feet from the street frontage.

The court overruled the demurrer, and the defendants appealed to the Supreme Court, assigning error.

*Briggs & West for plaintiffs, appellees.*
*P. H. Busbee and Little & Wilson for defendants, appellants.*

SCHENCK, J. An excerpt from the minutes of the board of commissioners of the city of Raleigh at a meeting on 14 August, 1939, which is set forth in the complaint, is as follows:

"Commissioner Williamson moved that the recommendation of the Zoning Commission be adopted. Commissioner Powell seconded the motion, and upon a vote being taken, Commissioners Williamson and Powell voted in the affirmative and Mayor Andrews in the negative.

"It appearing from petitions filed with the Board of Commissioners protesting the adoption of the recommendation of the Zoning Commission, that more than 20 per cent of the adjacent property, and property in front and rear of the proposed re-zoning was represented in said protest, and that pursuant to the general law it would be necessary for a three-fourths vote of the board to adopt such recommendation, the mayor declared that the recommendation failed of adoption."

It appears from the complaint that the petitioners base their request for a *mandamus* upon section 27, Chapter VII, of the ordinances of the city of Raleigh, which reads in part:

"b. In case of a protest against an amendment, supplement, change, modification, or repeal signed by the owners of twenty per cent or more, either of the area of the lots included in such proposed change or of those immediately adjacent in the rear thereof, extending one hundred

feet therefrom, or of those directly opposite thereto, extending one hundred feet from the street frontage of such opposite lots, such amendment shall become effective by the favorable vote of a majority of all the City Commissioners."

The general law, section 5, chapter 250, Public Laws 1923 (sec. 2776 [v], N. C. Code of 1935 [Michie]), reads: "Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed. In case, however, of a protest against such change signed by the owners of twenty per cent or more, either of the area of the lots included in such proposed change or of those immediately adjacent in the rear thereof extending one hundred feet therefrom, or of those directly opposite thereto extending one hundred feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality."

There is a conflict between the city ordinance and the general law, the former providing the amendment or change sought "shall become effective by the favorable vote of a majority of all the City Commissioners," and the latter provides that such amendment or change "shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality." Where there is a conflict between a city ordinance and the general law, the latter will prevail. "The power conferred upon the municipal body is presumed to be in subordination to a public law regulating the same matter for the entire State, unless a clear intent to the contrary is manifest." *S. v. Langston,* 88 N. C., 692. "Municipal ordinances are ordained for local purposes in the exercise of a delegated legislative function, and must harmonize with the general laws of the State. In case of conflict, the ordinance must yield to the State law." *S. v. Freshwater,* 183 N. C., 762, and cases there cited. See, also, *S. v. Sasseen,* 206 N. C., 644.

It appears from the complaint that the vote of the board of commissioners, the legislative body of the municipality, upon the question of zoning the property involved as business property was two favorable to the change sought and one in opposition thereto. While this was a favorable vote of a majority of all of the city commissioners, it was not a favorable vote of three-fourths of all the members of the legislative body of the municipality, and, since the general law must prevail over the city ordinance, we are impelled to hold that the demurrer should have been sustained, and, therefore, the judgment of the Superior Court is

Reversed.