WILBUR M. LEE v. ROBERTSON CHEMICAL CORPORATION.

(Filed 10 November, 1948.)

**1. Automobiles §§ 8i, 18i—**

Failure of defendant traveling on a servient highway to stop in obedience to a highway stop sign before attempting to traverse an intersection with a through State highway, either within or outside the limits of a municipality, is not negligence *per se* but only evidence of negligence, and an instruction that it constitutes negligence *per se* must be held for reversible error. G.S. 20-158.

**2. Automobiles § 7: Municipal Corporations § 39—**

Statutory traffic regulations do not prevent proper municipal traffic ordinances, but the State regulations govern the operation of motor vehicles on State highways, including city streets which constitute a portion thereof, and municipal regulations to the extent of any conflict therewith are invalid.

APPEAL by defendant from *Harris, J.,* February Term, 1948, of WAKE. New trial.

This was an action to recover damages for injury to plaintiff's truck resulting from collision with defendant's truck.

The collision occurred at the intersection of Edenton and Blount Streets in Raleigh. Plaintiff's truck loaded with lumber was proceeding in a westerly direction on Edenton Street, and defendant's truck loaded with commercial fertilizers was being driven north on Blount Street. Edenton Street is a through street, constituting a portion of State Highways 1 and 64, and there was a highway stop sign at the southeast corner of the intersection on Blount Street.

It was alleged, among other things, that the driver of defendant's truck was negligent in failing to stop his vehicle before entering upon the intersection of these streets, and that the collision and damage proximately resulted therefrom. The allegations of negligence were denied in the answer.

Upon issues submitted the jury returned verdict in favor of plaintiff, and from judgment thereon, defendant appealed.

*Harris & Poe and Logan D. Howell for plaintiff, appellee.*
*Douglass & McMillan for defendant, appellant.*

DEVIN, J. Motion for judgment of nonsuit was properly denied, but we think defendant's exception to a material portion of the court's instruction to the jury must be sustained. The court charged the jury that it was the duty of defendant's driver in approaching the street intersection, under the law, to stop before entering, and "that if he failed to stop that would make him guilty of negligence *per se,* that is, negligence in itself." In view of the decisions of this Court in *Hill v. Lopez,* 228 N. C. 433, 45 S. E. (2) 539; *Nichols v. Goldston,* 228 N. C. 514, 46 S. E. (2) 320; *Swinson v. Nance,* 219 N. C. 772, 15 S. E. (2) 284; *Groome v. Davis,* 215 N. C. 510, 2 S. E. (2) 771; *Stephens v. Johnson,* 215 N. C. 133, 1 S. E. (2) 367; *Sebastian v. Motor Lines,* 213 N. C. 770, 197 S. E. 539, this instruction must be held for error entitling the defendant to a new trial. In *Groome v. Davis, supra,* it was said: "Failure to observe a stop sign is not negligence *per se,* not even *prima facie* negligence, just evidence of negligence." The statute G.S. 20-158 which requires drivers of vehicles to stop before entering a through highway where highway stop signs have been erected, contains also provision that failure to stop shall not be considered contributory negligence *per se,* and in *Sebastian v. Motor Lines, supra,* it was said that it followed as a necessary corollary that this provision applied also to the party sued, and that the defendant's failure to stop would not be considered negligence *per se,* but only evidence thereof.

Plaintiff argued, however, that the duty of a driver approaching this intersection on Blount Street was governed by a city ordinance, and this view apparently influenced the judge below in giving the instruction complained of. The only evidence on this point came from a police officer who testified he cited defendant's driver to court "for violating a city ordinance requiring drivers to bring their vehicles to a stop before entering an intersection where there is a stop sign." The nature and extent of the city ordinance does not appear. But this view cannot be upheld. It was said in *Swinson v. Nance, supra,* construing this statute, "This view is incorrect, since an ordinance of the town cannot displace the applicable state law, which makes such a failure merely evidence to go to the jury to be considered in the light of the surrounding circumstances." The state statute does not prevent proper municipal traffic regulations but city ordinances which are inconsistent with general state laws regulating the operation of motor vehicles on the highways (including city streets which constitute portions of State highways) are to the extent of such inconsistencies, invalid. *S. v. Stallings,* 189 N. C. 104, 126 S. E. 187; *S. v. Sasseen,* 206 N. C. 644, 175 S. E. 142. "In case of conflict the ordinance must yield to the state law." *S. v. Freshwater,* 183 N. C. 762, 111 S. E. 161; *Eldridge v. Mangum,* 216 N. C. 532, 5 S. E. (2) 721.

As there must be a new trial, it is unnecessary to consider other exceptions noted as they may not arise on another hearing.

New trial.