STATE OF NORTH CAROLINA v. MICHAEL ROSS WILLIAMS AND WILLIAM EARL CORNELIUS

No. 63

(Filed 1 June 1973)

1. **Municipal Corporations §§ 4, 8— city ordinance inconsistent with State law**

   A city ordinance is not consistent with State law when the ordinance makes unlawful an act, omission or condition which is expressly made lawful by the State or federal law or when the ordinance purports to regulate a field for which a State statute clearly shows a legislative intent to provide a complete and integrated regulatory scheme to the exclusion of local regulation. G.S. 160A-174(b).

2. **Municipal Corporations §§ 4, 8— general laws prevail over city ordinances**

   General laws of the State must prevail over ordinances and by-laws of municipalities.

3. **Intoxicating Liquor § 3— definition of beer**

   Beer is an intoxicating liquor, but it is not an alcoholic beverage; rather, it is a malt beverage, transportation and possession of which are regulated by G.S. 18A-35(a). G.S. 18A-2(4); G.S. 18A-2(1); G.S. 18A-2(5).

4. **Intoxicating Liquor § 9; Municipal Corporations §§ 4, 8— invalid ordinance restricting possession of beer — quashal of warrants proper**

   A municipal ordinance providing that "No person shall have open and in his possession, . . . beer, . . . on or in the public streets of the Town of Mt. Airy . . ." conflicts with G.S. 18A-35(a) providing that "Except as otherwise provided in this Chapter, the purchase, transportation, and possession of malt beverages and unfortified wine by individuals 18 years of age or older for their own use are permitted without restriction or regulation"; therefore, the municipal ordinance is invalid, and warrants drawn thereunder charging defendants with the possession of open beer on North Main Street in Mt. Airy were properly quashed.

   Justice HUSKINS dissenting.

   Justice LAKE joins in the dissenting opinion.

APPEAL by the State from *Wood, J.,* at the 30 October 1972 Session of SURRY Superior Court.

On 25 June 1972 defendants were arrested by officers of the town of Mount Airy and charged in separate warrants with the possession of an open beer on North Main Street in Mount Airy, in violation of Chapter 11-16, Section A of Mount Airy city ordinances. On 29 June 1972 the motions of defendants to

quash the warrants were allowed by Judge Frank Freeman in District Court. The State appealed to Superior Court pursuant to G.S. 15-179 (3).

By consent Judge Wood heard defendants' motions to quash the warrants out of term and out of the district. On 27 December 1972 Judge Wood found that Chapter 11-16, Section A of the Code of Ordinances of Mount Airy was in conflict with the general laws of North Carolina, was invalid and allowed defendants' motions. The State appealed to the North Carolina Court of Appeals. On 26 March 1973, pursuant to G.S. 7A-31 (a), we allowed defendants' motion to certify the case for review by this Court prior to determination by the Court of Appeals.

*Attorney General Robert Morgan and Associate Attorney Howard A. Kramer for the State, appellant.*

*White and Crumpler by Michael J. Lewis for defendant appellees.*

MOORE, Justice.

The sole question presented by this appeal is whether the trial court correctly quashed the warrants on the grounds that they charged violations of an ordinance which was invalid for the reason that it was "a local ordinance which purports to override a statute applicable to the entire State."

Defendants' motions to quash raise the question of the sufficiency of the warrants to charge the commission of a criminal offense. *State v. Vestal,* 281 N.C. 517, 189 S.E. 2d 152 (1972); *State v. Brewer,* 258 N.C. 533, 129 S.E. 2d 262 (1962). It is essential to jurisdiction that a criminal offense be charged in the warrants upon which the State brings defendants to trial. *State v. Vestal, supra; State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14 (1965). If defendants are charged with violating a statute which is invalid, the motion to quash must be allowed. In passing upon such motions, the court treats the allegations of fact in the warrant as true and considers only the record proper and the provisions of the statute or ordinance. *State v. Lee,* 277 N.C. 242, 176 S.E. 2d 772 (1970); *State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913 (1969).

[1] No constitutional question is raised by this appeal, but the determinative issue is whether Chapter 11-16, Section A of the

Code of Ordinances of Mount Airy is consistent with the general laws of North Carolina.

G.S. 160A-174(b) provides:

"A city ordinance shall be consistent with the . . . laws of North Carolina. . . . An ordinance is not consistent with State . . . law when:

\* \* \*

"(2) The ordinance makes unlawful an act, omission or condition which is expressly made lawful by a State or federal law;

\* \* \*

"(5) The ordinance purports to regulate a field for which a State . . . statute clearly shows a legislative intent to provide a complete and integrated regulatory scheme to the exclusion of local regulation."

[2] The rule that general laws should prevail over ordinances was established early in North Carolina in *Town of Washington v. Hammond,* 76 N.C. 33, 36 (1877):

"The true principle is that municipal by-laws and ordinances must be in harmony with the general laws of the State, and whenever they come in conflict with the general laws the by-laws and ordinances must give way. . . ."

*Davis v. Charlotte,* 242 N.C. 670, 89 S.E. 2d 406 (1955), was a civil action seeking an injunction to prohibit enforcement of a municipal ordinance. The ordinance prohibited the sale of beer or wine by curb service or by a "car hop." The trial court held that this ordinance was in conflict with State law and declared it invalid. This Court affirmed holding that the State law did not distinguish "car hops" from other individuals permitted to sell or deliver beer, and that in the absence of a more restrictive definition the term "on premises" included the entire private property area designed for use by patrons while being served. Justice Bobbitt (now Chief Justice) stated:

"It may be conceded that the City of Charlotte, under its charter provisions and under G.S. 160-52 and G.S. 160-200 (6) (7) (10), had implied authority to adopt the ordinance in controversy *in the absence* of legislation enacted by the General Assembly dealing directly with the subject. *Bailey*

*v. Raleigh,* 130 N.C. 209, 41 S.E. 281; *Paul v. Washington,*
134 N.C. 363, 47 S.E. 793. But it is quite plain that the
City of Charlotte cannot, by ordinance, make criminal or
illegal any conduct that is legalized and sanctioned by the
General Assembly. The ordinance, to the extent it conflicts
with the general State law, is invalid. *Lee v. Chemical
Corp.,* 229 N.C. 447, 50 S.E. 2d 181; *Eldridge v. Mangum,*
216 N.C. 532, 5 S.E. 2d 721; *S. v. Prevo,* 178 N.C. 740, 101
S.E. 370."

*Accord, Staley v. Winston-Salem,* 258 N.C. 244, 128 S.E. 2d 604
(1962); *State v. Langston,* 88 N.C. 692 (1883); 56 Am. Jur. 2d,
Municipal Corporations § 374.

The Mount Airy ordinance in question provides:

"Chapter 11-16, Section A. Drinking in Public Places.
No person shall have open and in his possession, or con-
sume, serve or drink wine, beer, whiskey or any alcoholic
beverages of any kind on or in the public streets of the
Town of Mount Airy or upon the grounds of premises of
any service stations, drive-in theaters, supermarkets, stores,
restaurants, or office building, or any other business or
municipal establishment providing parking space for cus-
tomers, patrons, or the public within the Town of Mount
Airy."

[3] To determine whether this ordinance is contrary to the
general laws of the State, we must consider the provisions of
G.S. 18A-1, G.S. 18A-2, and G.S. 18A-35. G.S. 18A-1 plainly
states: "The purpose and intent of this Chapter is to establish
a uniform system of control over the sale, purchase, transporta-
tion, manufacture, and possession of intoxicating liquors in
North Carolina, and to provide administrative procedures to
insure, as far as possible, the proper administration of this
Chapter under a uniform system throughout the State." Beer,
by virtue of G.S. 18A-2(4), is included in the definition of in-
toxicating liquors.

Beer, however, is not an alcoholic beverage as defined by
G.S. 18A-2(1), but is a malt beverage defined by G.S. 18A-2(5)
as a brewed beverage "containing one half of one percent ($\frac{1}{2}$
of 1%) of alcohol by volume but not more than five percent
(5%) of alcohol by weight." The possession, consumption, and
transportation of alcoholic beverages are regulated by G.S.
18A-26 through G.S. 18A-32. The transportation and possession

of malt beverages, however, are regulated by G.S. 18A-35(a), which states: "Except as otherwise provided in this Chapter, the purchase, transportation, and possession of malt beverages and unfortified wine by individuals 18 years of age or older for their own use are permitted without restriction or regulation."

[4] The Attorney General has not cited and we have found no provision in Chapter 18A which further restricts or regulates the possession of beer for personal use. Hence, its possession by defendants in this case for their own use is permitted without restriction or regulation. The Town of Mount Airy by its ordinance seeks to impose an additional restriction contrary to the terms of G.S. 18A-35, thereby making the possession of open beer unlawful. This it cannot do. *Davis v. Charlotte, supra.*

The General Assembly clearly intended to pre-empt the regulation of malt beverages in order to prevent local governments from enacting ordinances such as the one in question. Allowing local governments to regulate malt beverages contrary to State law would result in an intolerable situation whereby citizens lawfully possessing beer in one county would be violating a criminal law in another. The Legislature pre-empted the field in order to avoid such confusion.

The ordinance in question is not consistent with the general law in that (1) it makes unlawful an act which is made lawful by State law, and (2) the ordinance purports to regulate a field in which a State statute has provided a complete and integrated regulatory scheme to the exclusion of local regulations. Therefore, under G.S. 160A-174(b) the ordinance is invalid.

The warrants were properly quashed. The judgment of the Superior Court is affirmed.

Affirmed.

Justice HUSKINS dissenting.

I respectfully dissent from the result reached by the majority for reasons which follow.

The stated purpose of Chapter 18A of the General Statutes is to establish a uniform system of control over the sale, purchase, transportation, manufacture, and possession of intoxicating liquors in North Carolina and to provide administrative

procedures to carry out that purpose. G.S. 18A-1 states the purpose and then provides: "This Chapter shall be liberally construed to the end that the sale, purchase, transportation, manufacture, and possession of intoxicating liquors *shall be prohibited except as authorized in this Chapter.*" (Emphasis added.)

G.S. 18A-2(4) provides in pertinent part: "The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include . . . beer, . . . " G.S. 18A-2(5) provides in pertinent part: "The term 'malt beverages' shall mean beer, . . . " Thus, as used in Chapter 18A of the General Statutes, beer is both an *intoxicating liquor* and a *malt beverage.*

G.S. 18A-3(a) provides: "No person shall . . . possess any intoxicating liquor except as authorized in this Chapter." This of course means that no person shall possess beer except as authorized in this Chapter.

G.S. 18A-35(a) provides: "Except as otherwise provided in this Chapter, the . . . possession of malt beverages . . . [is] permitted without restriction or regulation."

In essence, the foregoing provisions produce the following state of affairs with respect to the possession of beer: G.S. 18A-3(a) is the only provision in Chapter 18A *prohibiting* the possession of beer and it says that possession of beer is prohibited "except as authorized in this Chapter." G.S. 18A-35(a) is the only provision in Chapter 18A *permitting* the possession of beer and it says that possession of beer is permitted "except as otherwise provided in this Chapter." Thus, the possession of beer is prohibited except where permitted and permitted except where prohibited. Neither area is defined nor otherwise identified in Chapter 18A. Therefore, following the mandate in G.S. 18A-1 that Chapter 18A "shall be liberally construed to the end that the . . . possession of intoxicating liquors [meaning beer] shall be prohibited except as authorized in this Chapter," I conclude that the possession of beer in open cans on the streets of Mount Airy is prohibited under State law; and the ordinance in question, prohibiting the possession of open beer in the streets, is not in conflict therewith. In my view the validity of the ordinance should be upheld.

Putting aside the superlative draftsmanship, it is my view that the General Assembly never intended to authorize possession of beer in open cans, or its consumption, on the public

streets and highways of the State. In my opinion the beer industry will be surprised to learn that its lobbyists have accomplished that result. If, as the majority holds, the law permits the possession of beer in open cans on the public streets, then the law must also permit its consumption there. After all, there is no point in opening a can of beer if one doesn't intend to drink it. I do not believe the beer industry sought or desires, or that the Legislature intended to legalize, such practice.

For the reasons stated I vote to uphold the validity of the ordinance in question.

Justice LAKE joins in this dissenting opinion.