AL HASHEMI, Plaintiff-Appellant,
v.
TOWN OF CARY, North Carolina, TOWN COUNCIL OF CARY, North Carolina, (In Their Official and Individual Capacity); GLEN LANG, as Mayor; JULIE A. ROBISON, as Council Member; MARLA DORREL, as Council Member; NELS ROSLAND, as Council Member; HAROLD WEINBRECHT, as Council Member; JENNIFER ROBINSON, as Council Member; and JACK SMITH, as Mayor Pro-Tem, TOWN STAFF OF CARY, North Carolina (In Their Official Supervisory, and Individual Capacity); TOM HORTSMAN, as Erosion Control Supervisor,; TERRY WARREN, as Stormwater Services Manager; TIM BAILEY, as Director of Engineering; WILLIAM B. COLEMAN, JR., as Town Manager; CHARLES H. HENDERSON, as Town Attorney, Defendant-Appellees.
No. COA04-128
North Carolina Court of Appeals
Filed September 20, 2005
This case not for publication
Wake County No. 02 CVS 017043.
Bailey & Dixon, L.L.P., by Kenyann Brown Stanford and Hannah G. Styron, for defendant-appellees.
Clark, Bloss & Wall, P.L.L.C., by John F. Bloss, for plaintiff-appellant.
Amicus curiae brief by J. Michael Carpenter for N.C. Homebuilders Association.
BRYANT, Judge.
Al Hashemi (plaintiff) appeals an order dated 1 July 2003 dismissing with prejudice his appeal to superior court from a decision of the Town of Cary and Town Council of Cary (collectively defendants) denying his request for a zoning variance. This appeal arises from plaintiff's unsuccessful efforts to obtain a variance from the Town of Cary's Ordinance (Cary's Ordinance) with respect to riparian buffers on his 15-acre property.[1]
On 27 December 2002, plaintiff filed the instant action. Defendants, on 6 January 2003, filed a Motion to Dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b) asserting "Plaintiff's Declaratory Judgment and Complaint fails to state facts which would establish any claim[.]" Plaintiff filed an Amended Complaint on or about 24 January 2003 which included a request for a declaratory judgment that the Town of Cary's riparian buffer ordinance (1) was preempted by the State's riparian buffer rules and (2) was invalid because its enactment was the product of arbitrary and capricious action. Further, the Amended Complaint sought compensatory damages on grounds that defendants' enactment of the ordinance and/or refusal to grant plaintiff's request for a variance constituted inverse condemnation of the Property, and deprived plaintiff, for purposes of 42 U.S.C. § 1983, of rights secured by the U.S. Constitution.
Defendants, on 29 January 2003, filed a second Motion to Dismiss, under N.C. R. Civ. P. 41(b), "on the grounds that a prior action alleging the same claims is currently pending between these parties in Wake County Superior Court, and on the further grounds that Plaintiffs have been in willful noncompliance with an Order of the Court in the prior pending action." On 21 February the trial court granted defendants' N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (Rule 12(b)(6)) motion to dismiss plaintiff's claims with prejudice.
Plaintiff filed motions under Rules 59(e) and 60(a) and (b) seeking relief from the order dismissing plaintiff's claims. A hearing on the motion was held on 23 June 2003. In an order dated 24 June 2003 and signed on 1 July 2003, the trial court vacated the prior order of 21 February and pursuant to Rule 12(b)(6) dismissed the action with prejudice. Plaintiff appealed. On 26 April 2004 defendants moved to dismiss the appeal which motion was denied by this Court on 12 May 2004.
Plaintiff raises the following issues: whether the superior court erred in dismissing, pursuant to Rule 12(b)(6), (I) plaintiff's request for a declaratory judgment that the Town's riparian buffer ordinance is preempted due to the State's rules regarding riparian buffers; (II) plaintiff's request for a declaration that the Town's enactment of its riparian buffer ordinance was arbitrary capricious, and unduly interfered with the rights of property owners, thereby invalidating the ordinance; (III) plaintiff's claim that defendants' enactment and/or application of its riparian buffer ordinance constituted inverse condemnation of plaintiff's property, entitling plaintiff to monetary damages; and (IV) plaintiff's claim that defendants' enactment and/or application of its riparian buffer ordinance deprived plaintiff of Constitutional rights pursuant to 42 U.S.C. § 1983, entitling plaintiff to monetary damages. Defendant cross-appealed contending plaintiff lacks standing to bring this action and further contending plaintiff's request for a declaratory judgment fails to allege a justiciable controversy or monetary damages.
The dispositive issue plaintiff raises on appeal is whether the superior court erred in granting defendants' motion to dismiss because the Town of Cary's riparian buffer ordinance is preempted by State law. Because we find this issue to be dispositive, we decline to address plaintiff's remaining issues.

Standard of Review
In considering a Rule 12(b)(6) motion to dismiss, the trial court must determine whether the factual allegations in the complaint state a claim for relief. Sutton v. Duke, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). A plaintiff must state the substantive elements of a legally cognizable claim in order to survive a Rule 12(b)(6) motion to dismiss. Booher v. Frue, 86 N.C. App. 390, 392, 358 S.E.2d 127, 128 (1987) (citations omitted). "The system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." Ladd v. Estate of Kellenberger, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (citations omitted). When hearing a motion to dismiss, the trial court must take the complaint's allegations as true and determine whether they are sufficient to state a claim upon which relief may be granted under some legal theory. Taylor v. Taylor, 143 N.C. App. 664, 668, 547 S.E.2d 161, 164 (2001).

Declaratory Relief
North Carolina's Declaratory Judgment Act provides: "[a]ny person. . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2003). Although the Declaratory Judgment Act does not specifically require that an actual controversy between the parties exist, our case law does impose such a requirement. Town of Pine Knoll Shores v. Carolina Water Serv., Inc., 128 N.C. App. 321, 494 S.E.2d 618 (1998); Augur v. Augur, 356 N.C. 582, 584, 573 S.E.2d 125, 128 (2002).
Defendants argue that there exists no controversy requiring litigation, stating, "[p]laintiff and/or ARH could still at any time resubmit the variance request to the Town." However, plaintiff states a claim for declaratory relief by alleging a controversy which should be settled and is therefore entitled to a declaration of rights regarding the matters alleged.
The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff is entitled to the declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all, so that even if the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory judgment. . . . [W]here a complaint in a proceeding for a declaratory judgment stated a justiciable controversy, a [motion to dismiss] should have been overruled. . . .
Walker v. Charlotte, 268 N.C. 345, 347-48, 150 S.E.2d 493, 495 (1966) (citation omitted); N.C. Gen. Stat. § 1-253 (2003) ("Courts . . . shall have power to declare rights . . . whether or not further relief is or could be claimed.").
In his pleadings, plaintiff alleged a controversy over defendants' denial of the requested zoning variance and alleged that he was directly impacted by such denial. Plaintiff's claim is based on multiple conversations he had with the Town of Cary regarding the necessary documentation prior to submitting his formal application. On 26 September 2002 plaintiff received written notification from the Town of Cary which denied his request for a variance from the requirements of the Cary Ordinance. Therefore plaintiff has stated a sufficient claim for declaratory relief.
Defendants also argue plaintiff does not have standing to bring this action. In ARH I we held plaintiff was an aggrieved party with standing to challenge the Cary Ordinance. See ARH I ("Accordingly, [plaintiff] had standing to present his petition for writ of certiorari to superior court regarding a decision of the Town Council denying his request for a variance.") Therefore we hold plaintiff has standing and is entitled to bring his claim for declaratory relief. See N.C.G.S. § 1-254 (2003); Bland v. City of Wilmington, 278 N.C. 657, 180 S.E.2d 813 (1971) (The Declaratory Judgment Act permits any person affected by a statute or municipal ordinance to obtain a declaration of his rights thereunder.).

The Cary Ordinance
We now decide whether plaintiff has stated sufficient facts to sustain his substantive claim alleging the Cary Ordinance is preempted by State law.
In 1997, the General Assembly directed the Environmental Management Commission (EMC) to develop and implement a basin wide water quality plan for each of the State's major river basins. N.C. Gen. Stat. § 143-214.23 (2003) (Editor's note). Consequently, the EMC adopted a comprehensive management strategy for the Neuse River[2] pursuant to N.C. Gen. Stat. § 150B-21.3(b). The statutes provide that EMC may delegate responsibility "for the implementation and enforcement of the State's riparian buffer protection requirements to units of local government that have the power to regulate land use. . . . To this end, units of local government may adopt ordinances and regulations necessary to establish and enforce the State's riparian buffer protection requirements." N.C.G.S. § 143-214.23(a) (2003) (emphasis added). However, EMC "shall not approve a delegation unless the Commission finds that local implementation and enforcement of the State's riparian buffer will equal [that of] the State." N.C. Gen. Stat. § 143-214.23(b) (2003). A local government must request the authority to implement and enforce the State's riparian buffer protection requirements by specific application. Id.
The Cary Ordinance requires plaintiff to maintain a 100 foot riparian buffer which is an additional 50 feet greater than that required by the State through the EMC[3]. 15A NCAC 2B.0233(3) (1999); Town Ordinance § 14.6.3(b) (2001). Plaintiff requested, and was granted, a zoning variance to develop his property from the North Carolina Department of Environment and Natural Resources, Division of Water Quality. Despite receiving such approval from the State, the Town of Cary required plaintiff to obtain a more restrictive variance from the Town Council before developing his property. N.C. Gen. Stat. § 143-214.23(a) does not allow a town to impose greater restrictions than those required by the State. N.C.G.S. § 143-214.23(a) (2003). Further, there is nothing in the record to indicate the Town of Cary applied to the State (through the EMC) for authority to implement and enforce the State's riparian buffer rules. Id. Even if the Town of Cary had applied to implement and enforce the State's riparian buffer protection requirements, such requests must satisfy the EMC that the Town's efforts "will equal" implementation and enforcement by the State. See N.C.G.S. § 143-214.23(d) (2003). The Cary Ordinance appears to require a greater riparian buffer than that required by the State. Because plaintiff has alleged sufficient facts to show the Cary Ordinance is preempted and therefore must give way to EMC requirements, he has stated a claim pursuant to Rule 12(b)(6). See State v. Williams, 283 N.C. 550, 552, 196 S.E.2d 756, 757 (1973) ("[M]unicipal by-laws and ordinances must be in harmony with the general laws of the State, and whenever they come in conflict with the general laws the by-laws and ordinances must give way. . . ."). We reverse the trial court's dismissal of plaintiff's claim and remand for further proceedings.
Reverse and Remand.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).
NOTES
[1] Some of the procedural history of this case is set out in a companion case, ARH Int'l Co. v. Cary, ___ N.C. App. ___, 613 S.E.2d 753 (2005) (hereinafter ARH I). However, as ARH I is unpublished, we incorporate herein the procedural history and facts relevant to a proper analysis of the issues in this appeal.
[2] See e.g. 1998 N.C. Sess. Laws ch. 221 (applicable to the Neuse River Basin) and N.C. Gen. Stat. § 143-214.23 (2003).
[3] EMC requires a 50 foot wide riparian buffer directly adjacent to surface waters in the Neuse River Basin. 15A NCAC 2B.0233(3) (1999).