STATE v. J. DANNENBERG.

(Filed 4 March, 1909.)

1. Intoxicating Liquors, Sale Prohibited—Town Ordinance—Nonintoxicants—Charter Powers.

A town ordinance prohibiting the sale of a drink for which a license is required by the United States statutes is invalid when the power to enact such an ordinance is not conferred by its charter.

2. Same.

A town ordinance is void which prohibits the sale of nonintoxicating drinks when there is no power to pass such an ordinance given in its charter.

3. Intoxicating Liquors, Sale Prohibited—Town Ordinance—General Statutes—Variances.

Where the sale of intoxicating drinks is prohibited by legislative enactment, which makes it an indictable offense, a town ordinance covering the same subject-matter is void.

4. Intoxicating Liquors—Town Ordinances—Sale Prohibited—General Law—License.

Except in specially prohibited territory, the sale of spirituous, vinous or malt liquors was licensed in this State up to 1909 and the character of license required in incorporated towns specified, with penalties for violation: *Hence,* a town ordinance then prohibiting the sale of such drink, made without any charter provision authorizing it, is void.

5. Police Powers—Cities and Towns—Municipal Corporations—Charter Powers.

Municipal corporations can only exercise such police powers as are granted by their charters, and all fair and reasonable doubts as to whether such powers have been so conferred are resolved by the courts against their being exercised.

ACTION heard before *O. H. Allen, J.,* and a jury, at Fall Term, 1908, of CARTERET.

The defendant was tried and convicted in the mayor's court of Morehead City for violating the following ordinance of said municipality:

"That it shall be unlawful for any person, firm or corporation to sell any drink within the said town of Morehead City for which the said person, firm or corporation has been required by or has secured a license from the United States Government for the sale of spirituous or malt liquors before selling said drink."

Upon appeal the defendant was tried in the Superior Court of Carteret County. From the judgment of guilty and sentence of the Superior Court the defendant appealed.

*Attorney-General* for the State.
*W. D. McIver* and *E. J. Justice* for defendant.

BROWN, J. It appears in the special verdict that the revenue officials of the United States, pursuant to statute, require that all drinks or liquids sold containing as much as one-half of one per cent alcohol should subject the seller to a special tax of $20 per annum for malt liquor. Further, that prior to 1 July, 1908, the defendant paid the $20 Federal tax upon malt-liquor drinks, and on 31 July, within the corporate limits of Morehead City, sold to one Styson a drink of a certain beverage whose alcoholic

part was derived from malt, in the definition of United States statute, containing over one-half of one per cent of alcohol and less than two per cent. We find nothing in the charter of Morehead City (chapter 111, Private Laws 1887) which conferred upon the municipal authorities the right to prohibit the sale of the beverage of the character described in the special verdict. It is admitted by the State that the beverage is not intoxicating in its effect, and no such finding is to be found in the record. Assuming that it was intoxicating, it is admitted that the sale of intoxicating liquors has long been prohibited within the county of Carteret by legislative enactments which make the violation of them indictable offenses under the laws of the State. Municipal ordinances must harmonize with such laws, and where the offense is covered by the latter the former must give way. This has long been settled. *Washington v. Hammond,* 76 N. C., 33. *State v. Langston,* 88 N. C., 692; *State v. Brittain,* 89 N. C., 575.

The sale of spirituous, vinous or malt liquors (except in specially prohibited territory), up to 1 January, 1909, was licensed in this State by the general law, and the character of licenses required in incorporated cities and towns is specified by the Revisal, sec. 3529, and penalties for its violation are prescribed.

In the absence of chartered authority, the municipality of Morehead City could not prohibit their sale absolutely. *State v. Brittain, supra.*

If the drink was not intoxicating, we find nothing in the charter of the town or any finding of facts which warrant the authorities in prohibiting its sale upon other grounds. There is nothing in the case from which it can be reasonably inferred that such an ordinance tends "to insure good order, improve the streets or preserve the health, comfort or convenience of the citizens of said town," as set out in the municipal charter.

Municipal corporations have no inherent police powers and can exercise only those conferred by the State. 1 Dillon on Mun. Corp., sec. 89; *State v. Ray,* 131 N. C., 816.

Any fair, reasonable doubt concerning the exercise of such powers is resolved by the courts against the corporation. *State v. Webber,* 107 N. C., 962; *State v. Thomas,* 118 N. C., 1221.

150—51

If the purpose of the ordinance is to repress the sale of intoxicating drinks (which it evidently was), we find that it is not in harmony with the statutes of the State, and therefore must give way.

If it has some other purpose it is so obscure that ordinary perception cannot discover it, and it cannot be referred by reasonable construction to any of the chartered powers of the corporation. It therefore becomes an invasion of the natural rights and inherent personal liberty of the citizen. Nor can we answer affirmatively the inquiry of the Attorney-General, "But is there not somewhere between the buttermilk of the 'pure in heart' and the brandy of the 'morally stunted' a 'twilight zone,' and does not the drink sold by the defendant lie within this zone?" We are of opinion that the entire zone has been pre-empted by the statutes of the State and that there is no territory open to entry.

The cause is remanded to the Superior Court of Carteret County, with direction to enter a judgment of not guilty.

Reversed.

CLARK, C. J., and HOKE, J., dissenting.