89 So.2d 156

### CITY OF SHREVEPORT

v.

### Calvin F. BROCK.

No. 42841.

June 11, 1956.

Rehearing Denied June 29, 1956.

C. B. Prothro, Shreveport, for defendant-appellant.

William L. Murdock, City Atty., Pike Hall, Jr., Asst. City Atty., Shreveport, for appellee.

FOURNET, Chief Justice.

Calvin F. Brock, having been convicted on a charge of violating Section 2 of Ordinance No. 19 of 1937 of the City of Shreveport, requiring the proper fencing of automobile junk yards,[1] and sentenced to pay a fine of $25, or, in default thereof, to serve 25 days in jail, prosecutes this appeal, and, invoking the "due process" provisions of the state and federal constitutions,[2] contends this ordinance constitutes an illegal exercise of the city's police power and is, therefore, unconstitutional since it restricts his use of his property "solely on aesthetic considerations" that have no reasonable or substantial relation to public health, safety, morals, comfort, or order.

While appellant's contention that the city is unauthorized to restrict the use of his property on purely aesthetic grounds is undoubtedly correct, it is equally true, as pointed out in the landmark case of State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 444, 33 A.L.R. 260, that "if the primary consideration for the enactment of an ordinance limiting the individual's right to use his own property is a substantial consideration of public health, safety, comfort, or general welfare, considerations of taste and beauty may also enter in, and be not out of place." In the course of the opinion the court commented: "Why should not the police power avail, as well to suppress or prevent a nuisance committed by offending the sense of sight, as to suppress or prevent a nuisance committed by

1. Section 2 provides: "Be it further ordained, etc., That no person, firm or corporation shall store or offer for sale any iron and steel junk or wreckage of motor driven vehicles, or automobiles or any automobile truck on any open lot or parcel of ground that is not properly enclosed on all boundary lines with a proper, suitable and substantial fence not less than seven feet nor more than ten feet high, and properly screening said enclosed area from public view; and, provided further, that the said fence be kept in a constant state of good repair, and further that no sign or other advertising matter be placed upon said fence." The charge is that the defendant violated this section in that he "Did store wreckage of motor driven vehicle on an open lot or parcel of ground that was not properly enclosed on all boundary lines with a proper, suitable and substantial fence not less than seven feet nor more than ten feet high and properly screening said area from public view."

2. Section 2 of Article I of the Constitution of Louisiana, LSA, and Section 1 of the Fourteenth Amendment to the Constitution of the United States.

offending the sense of hearing, or the olfactory nerves? An eyesore in a neighborhood of residences might be as much a public nuisance, and as ruinous to property values in the neighborhood generally, as a disagreeable noise, or odor, or a menace to safety or health. The difference is not in principle, but only in degree." See, also, Welch v. Swasey, 214 U.S. 91, 29 S.Ct. 567, 53 L.Ed. 923; Ayer v. Commissioners on Height of Buildings in Boston, 242 Mass. 30, 136 N.E. 338; In re Opinion of the Justices, 234 Mass. 597, 127 N.E. 525; Cochran v. Preston, 108 Md. 220, 70 A. 113, 23 L.R.A., N.S., 1163, 15 Ann.Cas. 1048; State v. Kievman, 116 Conn. 458, 165 A. 601, 88 A.L.R. 962; and Murphy, Inc., v. Town of Westport, 131 Conn. 292, 40 A.2d 177, 180, 156 A.L.R. 568.

In passing on this specific point in the Westport case, the Supreme Court of Errors of Connecticut said: "The police power is not to be confined narrowly within the field of public health, safety or morality. In sustaining the right of the legislature to require that automobile junk yards be screened from public view, we said that 'it is within the police power to regulate occupations or businesses which, owing to their nature, the manner in which they are conducted, or their location, if exercised or conducted without restriction are or may be materially injurious to the public health, morals, comfort, prosperity, or convenience, or otherwise detrimental to the general welfare,'" the quotation being from the Kievman case. See, also, Vermont Salvage Corp. v. Village of St. Johnsburg, 113 Vt. 341, 34 A.2d 188, and the recent cases of City of New Orleans v. Pergament, 198 La. 852, 5 So.2d 129, and City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798, where we sustained ordinances of the City of New Orleans creating the Vieux Carre Commission for the preservation of the architecture and atmosphere of the famed French Quarter of that city, and regulating in that section the display of signs and billboards.

■ The evidence in the record discloses this ordinance was adopted primarily as a safety measure to protect passersby from the dangers inherent in the dismantling and/or storage of wrecked and junked automobiles on the streets and sidewalks of the city, and also to protect children who are naturally attracted to such "nuisances," and it was only secondarily and incidentally to protect property values in the neighborhood and for aesthetic considerations—by screening the unsightly scene of the junked cars from view. Consequently, there was no abuse of the exercise of the city's police power in this instance and the ordinance is clearly constitutional.

For the reasons assigned the conviction and sentence are affirmed.