STATE v. VINCENT FURIO.

(Filed 25 May, 1966.)

**1. Municipal Corporations § 4—**

A municipal corporation is a creature of the State and has only those governmental powers granted to it by the Legislature, expressly or by necessary implication. G.S. 160-1.

**2. Municipal Corporations § 24—**

A municipal corporation has no inherent police powers.

**3. Same—**

A municipal corporation has no power to extend the application of an ordinance to territory outside its corporate limits in the absence of a grant of such power by the General Assembly.

**4. Same—**

A municipal ordinance prohibiting the construction and maintenance along any street or highway of any sign, billboard, motion picture screen or other structure upon which is depicted any nude or semi-nude pictures or words which are vulgar, indecent or offensive to the public morals, does not purport to prohibit such act outside of its territorial limits.

**5. Municipal Corporations § 34—**

In a prosecution of defendant for violation of a municipal ordinance by maintaining a motion picture screen upon which was projected pictures of nude and semi-nude men and women in such manner as to be visible to the general public along a street or highway, a warrant charging that defendant did the proscribed act within the city limits or within one mile thereof or within designated townships, *is held* insufficient to charge a violation of the ordinance, there being no showing that the ordinance was intended to apply beyond the territorial limits of the city, and the commission of the proscribed act outside of the municipal limits not being an offense under the ordinance.

**6. Municipal Corporations § 27—**

An ordinance proscribing the display of obscene pictures or words in such manner as to be visible to the general public using the streets or highways does not relate to the public safety but to the public morals.

**7. Municipal Corporations § 24—**

An ordinance proscribing the display of obscene pictures or words in such manner as to be visible to the general public using the streets or highways undertakes to forbid acts not forbidden or permitted by G.S. 14-189, G.S. 14-189.1, and G.S. 14-189.2, and the General Statutes do not preempt the field so as to preclude municipal action in this respect. G.S. 160-200(6)(7).

**8. Criminal Law § 1—**

A criminal statute or ordinance must be sufficiently definite to apprize a citizen of common intelligence with reasonable precision what acts are forbidden or required, and if it fails to do so it may be void for uncertainty, vagueness or indefiniteness.

**9. Municipal Corporations § 24; Indictment and Warrant § 9—**

A municipal ordinance making it unlawful for any person, firm, or corporation to construct or maintain along any street or highway, in such manner as to be visible to the general public using such street or highway, any sign, screen or other structure depicting nude or semi-nude pictures of men and women, or words which are vulgar or indecent or offensive to the public morals, *held* void for indefiniteness as to the locations within the purview of the ordinance and as to the acts proscribed, and a warrant charging a violation of the ordinance is properly quashed on motion.

MOORE, J., not sitting.

APPEAL by the State from *McLaughlin, J.,* 27 September 1965 Criminal Session of GUILFORD.

The State appeals from the allowance by the superior court of the defendant's motions to quash two warrants issued by the Clerk of the Municipal Court of High Point purporting to charge the defendant with violation of City Ordinance 15-24.1 of the city of High Point on 18 March 1965 and 16 March 1965 respectively. The defendant was tried and found guilty on each charge in the municipal court and, in each case, was sentenced to confinement in the county jail for a period of 30 days, each sentence being suspended for 12 months on condition that he not violate the said ordinance and that he pay a fine of $25.00 and costs. From each such judgment the defendant appealed to the superior court. In that court, prior to entering a plea, he moved to quash the warrant in each case, which motions were allowed.

It is stipulated that the City Council of High Point in regular session 19 February 1965 adopted the ordinance in question, it

having been originally designated Section 15-39 and later codified as Section 15-24.1, the pertinent portion of which reads as follows:

"Sec. 15-24.1.    Obscene Signs, Pictures, etc.

"It shall be unlawful for any person, firm or corporation to construct or maintain along any street or highway, in such a manner as to be visible to the general public using such street or highway, any sign, billboard, motion picture screen or other structure upon which is printed, painted, projected, or displayed any nude, or semi-nude pictures or any pictures or words which are vulgar, indecent or offensive to the public morals."

The pertinent portions of the affidavit upon which the warrant in the first case was issued read as follows:

"S. T. Myers, being duly sworn, deposes and says that Vincent Furio, on or about the 18 day of March, 1965, at and in the County aforesaid and within the City Limits of High Point, or within one mile of said City Limits, or within High Point, Deep River or Jamestown Township, did willfully, wantonly, maliciously and unlawfully Did maintain a motion picture screen upon which was projected, nude & semi-nude pictures of men & women, in such a manner as to be visible to the general public, using U. S. Highway #29-A and Dogwood Drive & Crestwood Circle in High Point, N. C. in vio. of the City Ord. #15-39 of High Point, N. C."

The affidavit upon which the warrant in the second case was issued is identical except as to the date of the alleged offense. Seven grounds for the allowance of the motion to quash are stated therein, these being, in summary:

1.   Each warrant violates Article I, Section 17, of the Constitution of North Carolina;

2.   Each warrant is in violation of Amendments I and XIV to the Constitution of the United States;

3.   The ordinance is void for the reason that the city of High Point had no authority to enact such an ordinance, the General Assembly having preempted this field by the enactment of G.S. 14-189, 14-189.1, 14-189.2 and 14-190;

4.   The City Council of High Point had no authority to enact any type of censorship ordinance for the reason that the sheriff of Guilford County is designated by G.S. 14-191 as the sole censor;

5.   Neither warrant charges an indictable offense in that each fails to allege that the pictures shown were obscene;

6. The ordinance is unconstitutional for that it sets forth "no reasonable or constitutional basis for the discrimination of the type of picture which may be shown on an outdoor theatre screen"; and

7. The warrants failed to identify the particular pictures which were allegedly shown.

*Attorney General Bruton by Staff Attorney Vanore for the State. Schoch, Schoch and Schoch for defendant appellee.*

LAKE, J. It will be noted that in each case the affidavit upon which the warrant was issued, and which is made a part of the warrant by reference, charges the defendant with maintaining a motion picture screen "within the City Limits of High Point, or within one mile of said City Limits, or within High Point, Deep River, or Jamestown Township," in violation of the ordinance of the city of High Point. [Emphasis added.]

An incorporated city or town is an agency created by the State. It has no governmental power or authority except such as has been granted to it by the Legislature, expressly or by necessary implication from the powers expressly conferred. G.S. 160-1; *State v. Byrd,* 259 N.C. 141, 130 S.E. 2d 55; *Cox v. Brown,* 218 N.C. 350, 11 S.E. 2d 152. It has no inherent police powers. *State v. Dannenberg,* 150 N.C. 799, 63 S.E. 946.

While the Legislature may confer upon a municipal corporation the power to enact ordinances having effect in territory contiguous to the corporation, in the absence of the grant of such power a city or town may not, by its ordinance, prohibit acts outside its territorial limits or impose criminal liability therefor. *Smith v. Winston-Salem,* 247 N.C. 349, 100 S.E. 2d 835; *Holmes v. Fayetteville,* 197 N.C. 740, 150 S.E. 624; *State v. Eason,* 114 N.C. 787, 19 S.E. 88. No grant of authority to the city of High Point to project beyond its territorial limits the effect of an ordinance such as that here in question has been brought to our attention. There is in the ordinance nothing to suggest that it was intended by the City Council to apply to acts beyond the city limits. Even if this ordinance be valid within the city, it cannot and does not forbid or make punishable anything done beyond the territorial limits of the city.

The warrant does not charge the defendant, unequivocally, with the doing of the acts therein specified within the city. It charges that he did the act within the city limits, where it is a criminal offense, assuming the ordinance to be valid, *or* that he did the act outside the city, where it is not a criminal offense. This is not a matter of venue or of the jurisdiction of the Municipal Court of

High Point. The place at which the alleged act was committed, if it was done, determines its criminality or lack of criminality, assuming the validity of the ordinance. The warrant, therefore, on its face fails to charge the commission of a crime.

Turning to the ordinance, itself, we cannot agree with the contention of the State that the intent and purpose of the ordinance was to promote safety upon the streets and highways by the elimination of sights which might distract the attention of drivers of automobiles. The obvious intent of the ordinance was to protect the right of the people of the city and visitors thereto, to drive or walk along its streets, alone or with their families and friends, and to permit their children to do so, without having flaunted in their faces language and pictures offensive to the sense of decency of any normal individual. The purpose of the ordinance is commendable but its terminology is not.

On the other hand, we do not hold, as the defendant would have us do, that the ordinance is void for the reason that the General Assembly has preempted this field by the enactment of G.S. 14-189, 14-189.1, 14-189.2 and 14-190, or for the reason that by the enactment of G.S. 14-191 the Sheriff of Guilford County is vested with the sole authority to determine what pictures or words may be displayed within the county. A municipal corporation, being the creature of the State, cannot forbid an act which a statute, state-wide in its application, permits to be done. *Staley v. Winston-Salem,* 258 N.C. 244, 128 S.E. 2d 604. Likewise, where the Legislature has enacted a statute making an act a criminal offense, a city may not adopt an ordinance dealing with the same conduct. *State v. Dannenberg, supra; State v. Langston,* 88 N.C. 692. We do not interpret G.S. 14-189, 14-189.1 and 14-189.2 as granting state-wide permission to publish or display all pictures and writings not therein forbidden, or to construct or maintain a screen or other structure upon which pictures of nude or semi-nude persons are projected. Nor can it be fairly implied from these statutes that the Legislature intended to preempt the entire subject of obscene displays and publications so as to forbid a city to enact an ordinance, otherwise within its authority, which forbids publications or displays neither forbidden nor permitted by these statutes. This ordinance undertakes to forbid acts not forbidden or permitted by these statutes.

G.S. 160-200(6) confers upon the city power "to supervise, regulate, or suppress, in the interest of public morals, public recreations, amusements and entertainments, and to define, prohibit, abate or suppress all things detrimental to the health, morals, comfort, safety, convenience, and welfare of the people, and all nuisances and

causes thereof." The same section provides in clause (7) that a city shall have power to enact such ordinances as are "expedient for maintaining and promoting the peace, good government, and welfare of the city, and the morals and happiness of its citizens, and for the performance of all municipal functions."

It is, however, well settled that a statute, or an ordinance, may be void for the uncertainty, vagueness or indefiniteness of its prohibitions. *State v. Coal Company,* 210 N.C. 742, 188 S.E. 412; *State v. Morrison,* 210 N.C. 117, 185 S.E. 674. In *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768, Parker, J., now C.J., speaking for the Court, and quoting from Wharton's Criminal Law and Procedure, Vol. I, § 18, said:

> "A criminal statute must be definite as to the persons within the scope of the statute and the acts which are penalized. If it is not definite, the due process clause of State Constitutions and of the Fifth and Fourteenth Amendments of the Federal Constitution, whichever is applicable, is violated. If the statute is so vague and uncertain that a reasonable man would be compelled to speculate at his peril whether the statute permits or prohibits the act he contemplates committing, the statute is unconstitutional. The legislature, in the exercise of its power to declare what shall constitute a crime or punishable offense, must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct."

In *State v. Lowry* and *State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 870, Moore, J., speaking for the Court, said:

> "[A]ppellants quote at length from 14 Am. Jur., Criminal Law, sec. 19, pp. 773-4, as follows:
> " '* * * A statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law.' This is unquestionably a statement of sound principles."

The warrant in this case does not charge the defendant with projecting or causing to be projected, or permitting to be projected any picture. The charge against him is that he "did maintain a motion picture screen upon which was projected, nude and semi-nude pictures of men and women," in such a manner as to be visible to the general public, using certain streets in High Point. As above noted,

it does not allege that the screen, upon which the pictures were projected, was within the city limits.

The ordinance in question presents many problems of construction to the court seeking to apply it and to the person, firm or corporation seeking to determine what he or it may do without violating its provisions. For example: Where must a sign, billboard, motion picture screen or other structure be located in order to be one constructed "along any street or highway"? If the screen, or other structure is visible to persons using the highway, but the picture projected thereon is not, is the construction or maintenance of the screen forbidden by this ordinance? What constitutes maintaining a screen within the meaning of this ordinance? Is the screen or other structure maintained by the lessor or by the lessee thereof or by both of them, within the meaning of this ordinance? Has one who "maintains" a moving picture screen, or other structure, violated this statute if another person, without his knowledge or consent, projects, paints, or displays thereon pictures of nude or semi-nude persons? Does the prohibition against the display of semi-nude pictures apply to pictures not generally regarded as "vulgar, indecent or offensive," such as a billboard advertisement of bathing suits or a moving picture of a swimming meet? Does the ordinance forbid the posting upon a billboard of a New Year's greeting bearing the customary symbol of the new year?

While it is highly improbable that the "nude and semi-nude pictures of men and women," alleged in the warrant to have been projected upon the screen, which is alleged to have been maintained by the defendant, would have been put by any normal person into the category of the innocent and inoffensive, the defendant may not be prosecuted for the violation of an ordinance so vague and indefinite as the one in question.

The warrants were properly quashed.

Affirmed.

MOORE, J., not sitting.