STATE v. WILLIAM HENDERSON FREEDLE.

(Filed 14 December, 1966.)

**Municipal Corporations §§ 24, 34—**

A municipality is without power, in the absence of special legislative authority, to impose criminal liability for acts committed beyond the city limits, and therefore a warrant charging that defendant violated a municipal ordinance by operating a taxi cab carrying alcoholic beverage within the limits of the city, or within one mile thereof, or within designated townships, when there was no passenger in the cab, fails to charge an offense, and judgment quashing the warrant should have been entered.

APPEAL by defendant from *Burgwyn, E.J.,* July 18, 1966 Criminal Session, GUILFORD Superior Court — High Point Division.

In this criminal prosecution the warrant issued by the Municipal Court of the City of High Point charged that the defendant "On or about the 30 day of Oct., 1965, at and in the county aforesaid and within the city limits of High Point, or within one mile of said City Limits, or within High Point, Deep River or Jamestown Township, did willfully, wantonly, maliciously and unlawfully Vio. City Ord. 21-46.1, by operating a Taxi Cab, the property of Red Bird Cab Co. with alcoholic beverage in his possession, to-wit: 1 case of beer, he not having a *bona fide* passenger in the Taxi Cab at the time . . ." From a verdict of guilty and jail sentence of 30 days suspended, the defendant appealed to the Superior Court of Guilford County.

In the Superior Court the defendant moved to quash the warrant upon the ground (1) the warrant did not charge a criminal offense; and (2) the High Point City Ordinance, Ch. 21, § 46.1, is unconstitutional. The parties stipulated the pertinent part of the ordinance provides: "It shall be unlawful for a driver to operate or drive a taxicab, whether on duty or off duty, with any alcoholic beverage in his possession, either on his person or in the taxicab, provided that this section shall not apply to alcoholic beverages in the possession of a *bona fide* passenger." ·

The court overruled the motions to quash. The defendant entered a plea of not guilty. From a verdict of guilty and the imposition of a fine of $200.00 and an order that the beer be confiscated, the defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*
*Clarence C. Boyan for defendant appellant.*

PER CURIAM.   The warrant charged that the defendant unlawfully operated a taxicab, with a case of beer as his only passenger, within the city limits of High Point, or within one mile of said city limits *or* within High Point, Deep River, *or* Jamestown Township. (emphasis added) The case is controlled by our decision in *State v. Furio,* 267 N.C. 353, 148 S.E. 2d 275. The Attorney General properly concedes: "The warrant does not on its face charge the commission of a crime and the Attorney General is unable to distinguish the warrant in *Furio* from the warrant under question."

The City of High Point, in the absence of legislative authority, is without power to impose criminal liability for acts committed beyond the city limits. The court should have allowed the motion to quash on the first ground assigned. In the absence of a valid charge against the defendant, the constitutionality of the ordinance is not at issue in the case.

The verdict and judgment are set aside. The cause is remanded to the Superior Court for the entry of a judgment quashing the warrant.

Error and remanded.