STATE OF NORTH CAROLINA v. H. R. VESTAL

No. 108

(Filed 16 June 1972)

1. **Indictment and Warrant § 14— motion to quash — question presented**

   Defendant's motion to quash the warrant raises the question of the sufficiency of the warrant to charge the commission of a criminal offense.

2. **Criminal Law § 13; Indictment and Warrant § 14— jurisdiction — valid warrant or indictment**

   It is essential to jurisdiction that a criminal offense be charged in the warrant or indictment upon which defendant is tried; if the only charge therein is that the defendant violated a statute or an ordinance which is unconstitutional, a motion to quash the warrant or indictment must be allowed.

3. **Indictment and Warrant § 14— motion to quash — extraneous evidence**

   In passing upon defendant's motion to quash a warrant charging him with violating a county zoning ordinance by failing to erect a fence along boundaries of an automobile wrecking yard adjoining public highways, the trial court properly refused to permit the State to introduce evidence of the manner in which defendant actually operates his wrecking yard, since in ruling on such motion the trial court treats the allegations of the warrant as true and considers only the record proper and the provisions of the ordinance.

4. **Counties § 5; Municipal Corporations § 30— county zoning ordinance — fencing of automobile wrecking yard — unconstitutionality**

   Provision of a county zoning ordinance requiring that "a solid fence or wall not less than 6 feet in height shall be erected not less than 50 feet from the edge of any public road adjoining" an automobile wrecking yard in a rural, "general industrial district" of the county is unconstitutionally vague in failing to define the term "the edge of any public road," and has no relation to the public health, morals or safety such as will sustain it as a legitimate exercise of the police power.

5. **Constitutional Law § 13— police power — restriction on land use — public safety**

   While a reasonable restriction upon the use which a landowner may make of his property may be imposed under the police power in the interest of public safety, there must be a reasonable basis for supposing that the restriction imposed will promote such safety, otherwise the restriction is a deprivation of property without due process of law.

6. **Counties § 5; Eminent Domain § 2— county zoning ordinance — fencing of automobile wrecking yard — taking without compensation**

   If the proper construction of a county ordinance requiring a fence "not less than 50 feet from the edge of any public road ad-

joining" an automobile wrecking yard is that the fence must be built substantially within the boundaries of the lot on which the yard is located, the ordinance requirement constitutes a taking of the lot owner's property for a public use without compensation in violation of both the Federal and State Constitutions.

APPEAL by the State from *Kivett, J.*, at the 6 December 1971 Schedule "B" Session of FORSYTH, heard prior to determination by the Court of Appeals.

The Board of Commissioners of Forsyth County adopted a comprehensive zoning resolution dividing the entire county, outside the corporate limits of the City of Winston-Salem, the Town of Kernersville and the adjacent areas within one mile thereof, into seven use districts, specifying the uses which may be made of land in each such district and imposing special requirements with reference to certain such uses.

The resolution establishes a "general industrial district," designated I-3, "to provide for industries which generally require specially selected locations in the community." Auto wrecking yards, building material salvage yards, general salvage yards and scrap metal processing yards are permitted in an I-3 district only. Such yard, within an I-3 district, must be operated in conformity to certain requirements. One of these, the validity of which is here in question, is:

"A solid fence or wall not less than 6 feet in height shall be erected not less than 50 feet from the edge of any public road adjoining the yards, and a screen of evergreen shrubs or trees not less than 8 feet in height at maturity shall be planted on the other boundaries of the property * * * . Any such fence shall be painted, unless the fence is made of aluminum or rust-proof metal or other prefinished material, and any fence or shrubs or trees shall be maintained in sound condition. No such fence shall contain advertising other than lettering which identifies the operation carried on within the enclosure. * * * Such uses existing at the time of the adoption of this resolution shall be provided with screening, as herein specified, with [sic] a period of three years after the date of adoption of this Resolution."

The resolution declares that the purpose of special conditions so imposed upon the operation of these and other types

State v. Vestal

of businesses is "to insure reasonable standards of community safety and acceptability consistent with advanced industrial practices."

The resolution further provides that the violation of any of its provisions after the expiration of ten days following the service of notice upon the violator shall be a misdemeanor punishable by a fine not to exceed fifty dollars or imprisonment for not more than thirty days, or both, each day of the continuance of such violation beyond such ten day period to be deemed a separate offense.

A Misdemeanor Summons, or warrant, was issued and served upon the defendant, charging:

"[T]he defendant * * * did unlawfully, and wilfully fail to erect on the boundaries of his real property that adjoin public roads a solid fence or wall not less than 6 feet in height not less than 50 feet from the edge of the public roads (said roads being State Road No. 1448 of the State Highway System and Old 421 Highway) adjoining the real property owned and operated by the defendant as an auto-wrecking yard, said auto-wrecking yard owned and operated by the defendant being known as Westside Motors, said failure to erect said solid fence or wall being in violation of an ordinance of Forsyth County bearing the caption 'Zoning Resolution, Forsyth County, North Carolina' and enacted by the Board of Commissioners of Forsyth County on April 3, 1967, as amended from time to time. * * * "

In the district court the defendant moved to quash the warrant, which motion the district court allowed on the ground that the provisions of the zoning resolution pertaining to fencing or screening of the boundaries of an auto wrecking yard are unconstitutional in that they are based purely on aesthetic grounds, without any real or substantial relationship to the public health, safety, or welfare.

The State appealed to the superior court. There the defendant again moved to quash the warrant on the ground that the zoning resolution is in violation of Art. I, §§ 1 and 17, now § 19, of the North Carolina Constitution and of the Fourteenth Amendment to the Constitution of the United States, he contending that it is an arbitrary deprivation of liberty, bearing

State v. Vestal

no reasonable relation to the public health, morals, order or safety or to the general welfare, being based solely upon aesthetic considerations and being an arbitrary discrimination against operators of a wrecking yard on property adjoining a public road. The superior court allowed the motion to quash on the ground that the above quoted requirement is based solely upon aesthetic grounds, without any real or substantial relationship to the public health, safety or general welfare, and is, therefore, in violation of the above mentioned constitutional provisions.

From this decision the State appeals, assigning as error: (1) The refusal of the court to permit the State to introduce the testimony of three witnesses concerning the manner of operation of the defendant's auto wrecking yard; and (2) the entry of the order quashing the warrant. The State contends that the requirement of the resolution, here in question, was "neither solely nor predominantly based upon aesthetics or aesthetic consideration," but bears a real and substantial relation to the public health, safety and welfare.

*Attorney General Morgan, P. Eugene Price, Jr., County Attorney, and Robert K. Leonard, Assistant County Attorney, for the State.*

*White, Crumpler and Pfefferkorn, by Fred G. Crumpler, Jr., Michael J. Lewis and G. Edgar Parker for defendant.*

LAKE, Justice.

[1, 2] The defendant's motion to quash raises the question of the sufficiency of the summons, or warrant, to charge the commission of a criminal offense. *State v. Brewer,* 258 N.C. 533, 129 S.E. 2d 262, 1 A.L.R. 3rd 1323, app. dism., 375 U.S. 9; *State v. Walker,* 249 N.C. 35, 105 S.E. 2d 101; *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860. It is essential to jurisdiction that a criminal offense be charged in the warrant or indictment upon which the State brings the defendant to trial. *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14. If the only charge therein is that the defendant violated a statute or an ordinance which is unconstitutional, the motion to quash must be allowed.

[3] In passing upon such motion, the court treats the allegations of fact in the warrant, or indictment, as true and considers only the record proper and the provisions of the statute

State v. Vestal

or ordinance. *State v. Lee,* 277 N.C. 242, 176 S.E. 2d 772; *State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913; *State v. Cooke,* 248 N.C. 485, 103 S.E. 2d 846; *State v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745. There was, therefore, no error in the refusal of the superior court to permit witnesses for the State to testify as to the manner in which the defendant actually operates his business. The State's Assignment of Error No. 1 is, therefore, overruled.

The summons, or warrant, in the present case charges the defendant with violation of the requirement of the ordinance that "a solid fence or wall not less than 6 feet in height shall be erected not less than 50 feet from the *edge of any public road* adjoining the yards." (Emphasis added.) As Justice Parker, later Chief Justice, speaking for this Court in *State v. Brewer, supra,* said, "The books are filled with statements by the Courts of the rule that a crime must be defined in a penal statute with appropriate certainty and definiteness." In *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322, it is said, "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process." To the same effect, see: *State v. Furio,* 267 N.C. 353, 148 S.E. 2d 275; *State v. Lowry* and *State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 870; *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768; *State v. Morrison,* 210 N.C. 117, 185 S.E. 674.

[4] The ordinance contains no definition of the term "the edge of any public road." The term "public road" includes, of course, both paved and unpaved roads. In oral argument, counsel for the State suggested that the edge of a road is the edge of the traveled portion thereof. In the case of an unpaved road, however, this will vary from time to time. Other possible interpretations include: the outer edge of the shoulder, the outer edge of the side ditch, the edge of the pavement in the case of a paved road, the outer boundary of the right of way. Between these possible constructions, the court is not permitted to make a selection. *State v. Morrison, supra; State v. Partlow,* 91 N.C. 550, 553. The operator of an automobile wrecking yard may not be required to guess at the required location of his fence at the risk of a fine or imprisonment if he guesses wrong as to the location which the court says was the one intended by

the legislative body. The provision of the ordinance here in question must be deemed unconstitutionally vague and for this reason, if for no other, the motion to quash was properly allowed.

The ordinance does not require, and would not necessarily be satisfied by, the erection of a fence upon the boundary of the lot whereon the automobile wrecking yard is located. It may well be that the right of way for the road may not extend as far as 50 feet from "the edge of the road," assuming that to be capable of location. In that situation, the ordinance would require the erection of a solid fence at a point which would render virtually unusable a portion of the land of the operator of the yard.

[5] The State, on behalf of the county, contends that the purpose of the requirement is not aesthetics but highway safety. It says that the lot of this defendant lies in the corner of an intersection of two public roads and contends that, without such a fence, junked automobiles, awaiting dismantling or other disposition by the defendant, will be stored so near the roads as to block the view of the drivers, thus increasing the danger of collisions in the intersection. While a reasonable restriction upon the use which a landowner may make of his property may be imposed under the police power in the interest of public safety, there must be a reasonable basis for supposing that the restriction imposed will promote such safety, otherwise the restriction is a deprivation of property without due process of law. See: *State v. Warren*, 252 N.C. 690, 694, 114 S.E. 2d 660; *Winston-Salem v. R. R.*, 248 N.C. 637, 642, 105 S.E. 2d 37; *State v. Ballance*, 229 N.C. 764, 769, 51 S.E. 2d 731; *Skinner v. Thomas*, 171 N.C. 98, 87 S.E. 976.

It is obvious that a solid fence, 6 feet high, upon, or approximately upon, the boundaries between the wrecking yard and the rights of way of two intersecting roads, would be more of an obstruction to the view of drivers than would junked automobiles, parked near but within the boundaries of the yard. Furthermore, the requirement of the ordinance is not limited to yards lying at an intersection of roads. It applies where a single road runs along one side of the automobile wrecking yard. Clearly, automobiles stored within the boundaries of such a yard will not obstruct the view of drivers of vehicles on the road. It is utterly unrealistic to suppose that the sights ob-

State v. Vestal

servable in the yard will distract drivers from attention to traf-
fic on the highway. Consequently, we see no reasonable basis
for supposing that the construction of such a fence along the
boundary of the automobile wrecking yard will promote safety
on the adjacent roads.

[6]  If the proper construction of the ordinance is that the
fence must be built substantially within the boundaries of the
lot in which the automobile wrecking business is located, then
the ordinance encounters the further difficulty that it is a
taking of the lot owner's property for a public use without com-
pensation, which both the Federal and State Constitutions forbid.
*Del., L.&W. R. R. v. Morristown,* 276 U.S. 182, 48 S.Ct. 276,
72 L.Ed. 523; *Penna. Coal Co. v. Mahon,* 260 U.S. 393, 43 S.Ct.
158, 67 L.Ed. 322; *DeBruhl v. Highway Commission,* 247 N.C.
671, 102 S.E. 2d 229. If, in the interest of public safety at an
intersection of highways, greater visibility is required than is
afforded by removing obstructions from existing rights of way,
land necessary to afford such increased view of approaches to
the intersection may be taken by the appropriate public authori-
ties under the power of eminent domain, but just compensation
for the land so taken must be paid to the property owner. His
property may not be taken for such purpose, without compen-
sation, under the guise of a regulation of his business pursuant
to the police power.

We do not have before us in the present case a charge that
the defendant obstructed the right of way of either of the roads
abutting his lot, by storing material thereon or by permitting
material to spill over from his property onto such right of
way. Nothing in this opinion is to be deemed to restrict the
right of the State, or of the local authorities, to take appropri-
ate action against such practices when and where they may
occur.

[4]  The requirement that the owner of an automobile wreck-
ing yard, located in a rural, "general industrial district" of
Forsyth County, erect a solid fence 6 feet high at least 50 feet
from the edge of any public road adjoining the yard, has no
substantial relation to the public health, morals or safety such
as will sustain the requirement as a legitimate exercise of the
police power of the State for any of these purposes. In this
respect the present case is distinguishable from decisions in
other jurisdictions sustaining city ordinances requiring fencing
of junk yards. See: *Rotenberg v. City of Fort Pierce,* 202 So.

2d 782 (Fla. App.) ; *City of Shreveport v. Brock,* 230 La. 651, 89 So. 2d 156; *City of New Orleans v. Southern Auto Wreckers,* 193 La. 895, 192 So. 523; *Lachapelle v. Town of Goffstown,* 107 N.H. 485, 225 A. 2d 624; *Vermont Salvage Corp. v. Village of St. Johnsbury,* 113 Vt. 341, 34 A. 2d 188. Even in an industrial or commercial area of a city or town, the safety of pedestrians upon adjoining sidewalks, the fire hazard inherent in an accumulation of junk, the threat to the public health incident to the attraction of such yards for rats, the possible use of such yards as hiding places for criminal activities and the attraction of materials stored therein for playing children, offer reasonable basis for the requirement that junk yards maintained in cities or other heavily populated areas be securely fenced.

The State does not contend upon this appeal that aesthetic considerations alone will support an exercise of the police power to impose a regulation upon the manner in which a landowner may use his property for the conduct of an otherwise lawful business. Its contention is that the requirement of fencing, imposed by the ordinance before us, is valid because reasonably related to public safety. We, therefore, do not have before us the question presented to this Court in *State v. Brown* and *State v. Narron,* 250 N.C. 54, 108 S.E. 2d 74, concerning the validity of such a requirement, based upon aesthetic considerations alone. We express no opinion thereon, though we note the growing body of authority in other jurisdictions to the effect that the police power may be broad enough to include reasonable regulation of property use for aesthetic reasons only. See: *Berman v. Parker,* 348 U.S. 26, 75 S.Ct. 98, 102, 99 L.Ed. 27; *E. B. Elliott Adv. Co. v. Metropolitan Dade County,* 425 F. 2d 1141 (5th Circuit, applying the law of Florida) ; *Murphy v. Town of Westport,* 131 Conn. 292, 40 A. 2d 177; *Rotenberg v. City of Fort Pierce, supra; City of Shreveport v. Brock, supra; Lachapelle v. Town of Goffstown, supra; Naegele Outdoor Advertising Co. v. Village of Minnetonka,* 281 Minn. 492, 162 N.W. 2d 206; *People v. Stover,* 12 N.Y. 2d 462, 240 N.Y.S. 2d 734, 191 N.E. 2d 272, app. dism., 375 U.S. 42; Annot., 21 A.L.R. 3rd 1222, 1225.

The provision of the Forsyth County ordinance which the defendant is charged with violating being invalid for the reasons above stated, the motion to quash was properly granted.

Affirmed.