STATE OF NORTH CAROLINA v. JULIE BARNES

No. 7614SC60

(Filed 19 May 1976)

**Indictment and Warrant § 9; Municipal Corporations § 29— violation of
city code — failure of warrant to allege crime committed in city**

    The warrant upon which defendant was arrested and which alleged
a violation of a named section of the Durham City Code "at and in
the County named above" [Durham County] failed on its face to
charge the commission of a crime, since it did not charge defendant
unequivocally with the doing of acts therein specified within the
city.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 4 September 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 May 1976.

Defendant was tried upon charges of violating § 13-31 of the Durham City Code. She was found guilty in the District Court of Durham County and ordered to pay a fine of $5.00 and costs. Upon appeal to Superior Court she was again found guilty and sentenced to a term of 15 days in Durham County jail, execution of the sentence being suspended for one year upon condition she pay a fine of $5.00 and costs.

*Attorney General Edmisten by Special Deputy Edwin M. Speas, Jr. for the State.*

*Murdock, Jarvis, Johnson & LaBarre by William H. Murdock and David Q. LaBarre for defendant appellant.*

PARKER, Judge.

The magistrate's warrant on which this criminal prosecution is based authorized the arrest of defendant for the alleged criminal offense described in the attached affidavit of Robin T. James, a Durham City police officer, which was as follows:

    "The undersigned, Robin T. James, being duly sworn, complains and says that at and in the County named above and or about the 1 day of June, 1975, the defendant named above did unlawfully, wilfully, massage the private parts of another for hire; to wit: the defendant named above gave massage to the Private Parts of Officer Robin T. James for the sum of $35.00.

State v. Barnes

The offense charged here was committed against the peace and dignity of the State and in violation of law City Code, Section 13-31."

Section 13-31 of the Durham City Code provides as follows:

"Section 13-31.    Massage of Private Parts
                  for Hire Prohibited.

It shall be unlawful for any person to massage or to offer to massage the private parts of another for hire. 'Massage' means the manipulation of body muscle or tissue by rubbing, stroking, kneading, or tapping, by hand or mechanical device. 'Private Parts' means the penis, scrotum, mons veneris, vulva or vaginal area. The provisions of this ordinance shall not apply to licensed medical practitioners, osteopaths or chiropractors, or persons operating at their directions, in connection with the practice of medicine, chiropractic, or osteopathy."

The warrant upon which defendant was arrested alleged a violation of the City Code "at and in the County named above" [Durham County]. In the absence of a grant of power from the Legislature, "a city or town may not, by its ordinance, prohibit acts outside its territorial limits or impose criminal liability therefore." *State v. Furio*, 267 N.C. 353, 356, 148 S.E. 2d 275, 277 (1966). As this warrant does not charge the defendant, unequivocally, with the doing of the acts therein specified within the city, the warrant on its face fails to charge the commission of a crime. The court erred in denying defendant's motion to quash the warrant and dismiss the charges contained therein.

The verdict and judgment are set aside. The cause is remanded to the Superior Court for the entry of a judgment quashing the warrant. *State v. Freedle*, 268 N.C. 712, 151 S.E. 2d 611 (1966).

Error and remanded.

Judges MORRIS and MARTIN concur.