STATE OF NORTH CAROLINA v. JUDITH ANN SANDERS

No. 7818SC58

(Filed 20 June 1978)

**Prostitution § 1— occupying room for immoral purposes—statute vague and indefinite**

> That portion of G.S. 14-186 which states that it is a misdemeanor for persons of the opposite sex to occupy the same bedroom in any hotel or public boarding house for any immoral purpose is too vague and indefinite to comply with constitutional due process standards.

APPEAL by the State from *Albright, Judge.* Judgment entered 23 November 1977, in Superior Court, GUILFORD County. Heard in the Court of Appeals 23 May 1978.

Defendant was charged with occupying a bedroom in a public inn with a member of the opposite sex for immoral purposes, a misdemeanor under G.S. 14-186. She filed a motion to dismiss on the grounds that the statute was void for vagueness and that it denied her constitutional rights of due process. The district court hearing the case first denied the motion but later reversed itself, found the statute unconstitutional, and dismissed the case. On appeal from district court the Superior Court affirmed the dismissal and held that

> "[T]he provisions of General Statute 14-186 wherein the occupying of a bedroom of a hotel, public inn, or boarding house by a man and woman is made criminal is too vague and indefinite, and therefore, fails to comply with the constitutional provisions of Due Process as contained in Article I, Section 18 [*Sic*] of the Constitution of the State of North Carolina and the provisions of the Fourteenth Amendment of the United States Constitution. That in so holding, this court has dealt only with the statute herein enumerated and brought into question and has not dealt with that provision of the statute dealing with false registration."

The State appealed.

*Attorney General Edmisten, by Associate Attorney Henry H. Burgwyn, for the State.*

*Wallace C. Harrelson, Public Defender, for defendant appellee.*

ARNOLD, Judge.

This case presents the sole question of whether a portion of G.S. 14-186 is, as the Superior Court judge found, too vague and indefinite to comport with the due process requirements of Article I, Section 19 of the North Carolina Constitution and of the Fourteenth Amendment to the United States Constitution. In pertinent part, G.S. 14-186 reads:

> "*Opposite Sexes occupying same bedroom at hotel for immoral purposes* .... Any man and woman found occupying the same bedroom in any hotel, public inn or boardinghouse for any immoral purpose . . . shall be deemed guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars . . . , imprisonment for not more than six months, or both."

We are mindful of the general rule that every presumption is to be indulged in favor of the constitutionality of a statute. *State v. Lueders*, 214 N.C. 558, 200 S.E. 22 (1938). Arguing from this basic premise the State contends that if an intelligent and valid interpretation can be ascertained a statute does not fail merely because the legislative body could have made the statute clearer and more precise. We agree. *United States v. Powell*, 423 U.S. 87, 46 L.Ed. 2d 228, 96 S.Ct. 316 (1975). We also agree that the statute in question must be viewed in terms of "the text of the statutes, and the subjects with which they deal . . . ." *Connally v. General Construction Co.*, 269 U.S. 385, 392, 70 L.Ed. 322, 328, 46 S.Ct. 126, 128 (1926).

We cannot, however, agree with the State in its argument that the term "any immoral purpose" in the context of G.S. 14-186 means illicit sexual intercourse. Article 26 of Chapter 14, wherein G.S. 14-186 is found, is entitled "Offenses against Public Morality and Decency" and includes such offenses as crime against nature, incest, bigamy, fornication and adultery, obscene literature, indecent exposure, dissemination of sexually oriented materials to minors, use of profane, indecent or threatening language to any person over telephone and use of profane or indecent language on public highways. We are unable to view these statutes and conclude, as the State argues, that "any immoral purpose" is limited by the context of Article 26 to illicit sexual conduct. The State argues that the immediately preceding statute, G.S. 14-185, which

prohibited inducing female persons into hotels for immoral purposes, sets the stage for G.S. 14-186 in that it defines, through the doctrine of *ejusdem generis*, immoral purposes as "for the purpose of prostitution or debauchery or for any other immoral purpose." We note, however, that the General Assembly repealed G.S. 14-185 in 1975.

A criminal statute or ordinance must be sufficiently definite to inform citizens of common intelligence of the particular acts which are forbidden. *See, e.g. State v. Furio*, 267 N.C. 353, 148 S.E. 2d 275 (1966). G.S. 14-186 fails to define with sufficient precision exactly what the term "any immoral purpose" may encompass. The word *immoral* is not equivalent to the word *illegal*; hence, enforcement of G.S. 14-186 may involve legal acts which, nevertheless, are immoral in the view of many citizens. One must necessarily speculate, therefore, as to what acts are immoral. If the legislative intent of G.S. 14-186 is to proscribe illicit sexual intercourse the statute could have specifically so provided.

> "[W]here the legislature declares an offense in language so general and indefinite that it may embrace not only acts commonly recognized as reprehensible but also others which it is unreasonable to presume were intended to be made criminal, citizens subject to the statute may not be required to guess at their peril as to its true meaning. Such a statute is too vague, and it fails to comply with constitutional due process standards of certainty." *State v. Graham*, 32 N.C. App. 601, 607, 233 S.E. 2d 615, 620 (1977).

We hold that the trial court correctly ruled that the portion of G.S. 14-186 quoted above is too vague and indefinite to comply with constitutional due process standards. Our opinion, it must be noted, does not apply to statutes which refer to "immoral purposes" but which also contain phrases which, by the doctrine of *ejusdem generis*, may be used to define "immoral purposes." The phrase "any immoral purposes" within G.S. 14-186 is not preceded by any phrases from which we could determine the meaning of "immoral purposes."

The judgment of the trial court is

Affirmed.

Judges BRITT and ERWIN concur.