STATE OF NORTH CAROLINA v. ROBERT FLOYD JOHNSON

No. 793SC288

(Filed 3 July 1979)

**Municipal Corporations § 36; Indictment and Warrant § 9.12 — violation of city ordinance — failure to allege place of violation — no crime charged**

> Where the citation upon which defendant was tried alleged a violation of the Morehead City Code, operating a taxicab without securing the required permit, but failed to charge that the offense occurred within the city limits, the citation was insufficient to charge a crime.

ON writ of certiorari to review judgment by *Hobgood, Judge.* Judgment entered 29 November 1978 in Superior Court, CARTERET County. Heard in the Court of Appeals 13 June 1979.

This is a criminal proceeding in which defendant was charged with violating Sec. 18-2 of the Morehead City ordinances. He was found guilty in the District Court and received a ten day sentence suspended on condition he pay costs. Upon appeal to Superior Court, defendant moved pursuant to G.S. 15A-954 to dismiss the charge on the grounds that the Morehead City ordinance which he was alleged to have violated is unconstitutional as applied to him. The motion was denied, whereupon defendant entered a plea of guilty. Judgment was entered imposing a $1.00 fine. From this judgment, defendant gave notice of appeal.

*Attorney General Edmisten by Associate Attorney Christopher P. Brewer and Nelson W. Taylor, III, for the State.*

*Ernest C. Richardson III and Sam L. Whitehurst, Jr., for defendant.*

PARKER, Judge.

G.S. 15A-1444(e) contains the following:

> Except as provided in G.S. 15A-979 (which relates to rulings on motions to suppress evidence and which is not applicable to the present case), and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

In order to afford defendant appellate review in this case, we treat his purported appeal as a petition for a writ of certiorari and grant the writ.

The citation on which this criminal prosecution is based was headed "District Court Division, County of Carteret," and was entitled "*State of North Carolina vs. Robert Floyd Johnson.*" It charged that

> on or about Thrus (sic) 10:05 p.m., the 27th day of July 1978, in the named county, the named defendant did unlawfully and

wilfully operate a (motor) vehicle on a (street or highway) By picking up a passenger in a taxi cab owned by Captal (sic) Cab company without first securing from the board of commissioners a permit to drive or operate such taxicab (Violation Town Ordinance) (Chapter 18 Article I Sec. 18-2)

Sec. 18-2 of the Morehead City Code provides:

No person shall drive any taxicab carrying passengers for hire from place to place within the corporate limits, or within a distance of five (5) miles thereof, unless such person shall have first applied to and secured from the board of commissioners a permit to drive a taxicab.

The citation upon which defendant was tried alleged a violation of the Morehead City Code "in the named county," which was Carteret County. It failed to allege that the violation occurred within the corporate limits of Morehead City or even that it occurred "within a distance of five (5) miles thereof" to which the ordinance by its language purports to apply. In the absence of a grant of power from the Legislature, "a city or town may not, by its ordinance, prohibit acts outside its territorial limits or impose criminal liability therefor." *State v. Furio*, 267 N.C. 353, 356, 148 S.E. 2d 275, 277 (1966). The only grant of power made by the Legislature which has been called to our attention is that contained in G.S. 160A-304 which provides that "[a] city may by ordinance license and regulate all vehicles operated for hire in the city."

In the present case, assuming the validity of the ordinance, still the *place* where the alleged acts were committed determines their criminality or lack of criminality. The citation failed to charge unequivocally that defendant committed the acts for which he was charged at a place where the performance of such acts would be a criminal offense. Therefore, the citation on its face fails to charge the commission of a crime. *State v. Freedle*, 268 N.C. 712, 151 S.E. 2d 611 (1966); *State v. Furio, supra; State v. Barnes*, 29 N.C. App. 502, 224 S.E. 2d 661 (1976).

The court should have allowed the motion to dismiss on the grounds that the citation failed to charge the commission of a crime. In the absence of a valid charge against the defendant, the

constitutionality of the ordinance is not at issue in this case. *State v. Freedle, supra.*

Because the citation failed to charge a crime, the judgment of the Superior Court must be and is hereby arrested. 4 Strong's N.C. Index 3rd, Criminal Law, § 127.2, p. 665.

Judgment arrested.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.