PIE IN THE SKY, LTD. T/A P. B. SCOTT'S RESTAURANT AND MUSIC HALL, PETITIONER v. NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL, RESPONDENT AND THE TOWN OF BLOWING ROCK, INTERVENOR-RESPONDENT

No. 8110SC280

(Filed 2 February 1982)

1. **Intoxicating Liquor § 2.4— malt beverage permits for restaurant—applicability of statute to Blowing Rock**

    G.S. 18A-52 applied to an election on the sale of beer and wine in Blowing Rock on 14 July 1977, and the Board of Alcoholic Control could properly revoke permits previously issued to petitioner on the ground that the petitioner was not a "restaurant" as defined in G.S. 18A-52(j) and (k) and a 1976 malt beverage regulation.

2. **Administrative Law § 8; Intoxicating Liquor § 2.6— judicial review of administrative decision—striking allegations relating to matters not in evidence**

    In reviewing a decision of the Board of Alcoholic Control revoking permits issued to petitioner, the court properly struck from the petition for judicial review allegations relating to the Board's decisions in other similar cases because the allegations related to matters not in evidence at petitioner's hearing and the court could not consider evidence not offered at that hearing. G.S. 150-43 *et seq.*

APPEAL by North Carolina Board of Alcoholic Control and the Town of Blowing Rock from *Farmer, Judge.* Order entered 9 December 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 20 October 1981.

Respondents appeal from an order reversing respondent Board of Alcoholic Control's revocation of permits issued to petitioner. Petitioner cross assigns error to an order granting respondent Board's motion to strike from the Petition for Judicial Review allegations relating to the Board's decisions in other cases involving businesses in Blowing Rock similar to petitioner's which were charged with violations of the same type as those charged to petitioner.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for respondent Board of Alcoholic Control.*

*Clement & Miller, by Charles E. Clement, for intervenor respondent Town of Blowing Rock.*

*Parker, Sink & Powers, by William H. Potter, Jr., for petitioner.*

WHICHARD, Judge.

RESPONDENTS' APPEAL

[1] The 1965 General Assembly, by local act, authorized the Town of Blowing Rock to hold elections on the sale of beer and wine, by making then G.S. 18-127, the general law at that time, partially applicable to Blowing Rock. 1965 Sess. Laws, ch. 874, § 1. On 3 August 1965, in an election held pursuant to that act, the voters approved on-premise sale of beer and wine by Grade A hotels and restaurants, and off-premise sale of unrefrigerated wine and beer by qualified licensees.

The 1971 General Assembly repealed former General Statutes Chapter 18, the general law governing regulation of intoxicating liquors, and replaced it with a new Chapter 18A.[1] 1971 Sess. Laws, ch. 872. On 1 November 1976 the Board of Alcoholic Control, pursuant to its power to adopt rules and regulations to carry out the provisions of G.S. 18A,[2] amended Malt Beverage Regulation 4 NCAC 2E .0102 by defining the word "restaurant" as follows: "a regularly established place of business primarily and substantially engaged in the preparation and serving of meals, wherein food is kept, prepared and served to the public and which has and maintains tables and appropriate equipment and furnishings for serving of complete meals to customers." The 1977 General Assembly thereafter enacted G.S. 18A-52(k), which defined a "restaurant" as "a business having a kitchen facility and a seating capacity of 36 persons or greater and which is engaged

_____

1. Chapter 18A, which applies in this appeal, was repealed and replaced by Chapter 18B effective 1 January 1982.

2. G.S. 18A-15(14) (Cum. Supp. 1977).

primarily and substantially in preparing and serving meals." 1977 Sess. Laws, ch. 149, § 1. The act applied "to those counties or municipalities wherein elections are held under G.S. 18A-52 subsequent to the ratification of this act [4 April 1977]." *Id.* § 2.

On 25 April 1977, subsequent to enactment of G.S. 18A-52(k), an election petition was circulated and notice was posted "pursuant to . . . G.S. 18A-52, Part 2(c)," seeking an election in Blowing Rock. In the election held pursuant thereto on 14 July 1977, the voters approved on-premise sale of malt beverages by Grade A hotels and restaurants and off-premise sale by other licensees.

Petitioner, operator of P. B. Scott's Restaurant and Music Hall in Blowing Rock, acquired on-premise malt beverage and unfortified wine permits on 1 October 1976. It acquired a "restaurant and related places" permit on 5 October 1976. On 5 June 1979 a Board of Alcoholic Control hearing officer recommended revocation of these permits on the ground that petitioner could "no longer be considered qualified to hold permits due to not being a 'bona fide restaurant' as defined in G.S. 18A-52(j)[3] and (k) and in Malt Beverage Regulation 4 NCAC 2 E .0102(5) as amended." The Board of Alcoholic Control then ordered the permits cancelled on the ground that petitioner was not a "bona fide restaurant" as defined in the statutes and regulation cited by the hearing officer.

On judicial review, pursuant to G.S. 150A-43 *et seq.* (Cum. Supp. 1977), the Superior Court reversed on the ground that "the 1965 General Law" was the basis for the 1965 *and 1977* elections, and the "1976 regulation and 1977 statutes" do not apply to the municipality of Blowing Rock. We disagree, and accordingly reverse.

By express legislative enactment, G.S. 18A-52(k) applies "to those . . . municipalities wherein elections are held under G.S. 18A-52 *subsequent to the ratification of this act.*" 1977 Sess. Laws, ch. 149, § 2 (emphasis supplied). The act was ratified 4 April 1977. 1977 Sess. Laws, ch. 149. Blowing Rock held an election pursuant to G.S. 18A-52 on 14 July 1977, a date subsequent to ratification of the act which established G.S. 18A-52(k). By so doing, it subjected establishments therein to regulation under that enactment.

---

3. G.S. 18A-52(j) relates to unfortified wine and malt beverage elections.

The avowed purpose and intent of the General Assembly in the enactment of G.S. 18A was "to establish a uniform system of control over the sale, purchase, . . . and possession of intoxicating liquors in North Carolina, and to provide administrative procedures to insure, as far as possible, the proper administration of [the] Chapter under a uniform system throughout the State." G.S. 18A-1. The legislature mandated that G.S. 18A "shall be liberally construed to the end that the sale, purchase, . . . and possession of intoxicating liquors shall be prohibited except as authorized in [that] Chapter." *Id.* Our interpretation of the applicability of G.S. 18A-52(k) accords with the foregoing purpose and mandate of the General Assembly. *See State v. Williams*, 283 N.C. 550, 196 S.E. 2d 756 (1973).

## PETITIONER'S CROSS ASSIGNMENT

[2] Petitioner alleged, in its Petition for Judicial Review pursuant to G.S. 150A-43 *et seq.*, unreasonable and arbitrary action by respondent Board in the cancellation of its permits. The basis of these allegations was that the Board, on the same day it revoked petitioner's permits, dealt differently with other Blowing Rock businesses similar to petitioner's which were charged with the same types of violations. Petitioner, pursuant to App. R. 10(d), cross assigns error to the order granting respondent Board's motion to strike these allegations. We find no error.

The Board heard sequentially petitioner's case and the cases referred to in these allegations. Evidence from the other cases thus was not before the Board by virtue of consolidation of these cases with petitioner's case. Petitioner does not contend, nor does the record reveal, that evidence or arguments regarding the other cases had been placed before the Board in any way when it concluded that petitioner's permits should be revoked. On judicial review of agency decisions the court hears arguments and receives written briefs, but it "shall take no evidence not offered at the hearing . . . ." G.S. 150A-50 (Cum. Supp. 1977). Because the allegations regarding the Board's disposition of other cases related to matters not in evidence at petitioner's hearing, and because the court could not consider evidence not offered at that hearing, the allegations were properly stricken.

RESULT

In respondents' appeal, reversed and remanded for further proceedings consistent with this opinion.

As to petitioner's cross-assignment, affirmed.

Judges VAUGHN and HILL concur.