AGL, INC. T/A MOTHER FLETCHER'S, PETITIONER v. N.C. ALCOHOLIC BEVERAGE CONTROL COMMISSION, RESPONDENT, AND THE TOWN OF BLOWING ROCK, INTERVENOR-RESPONDENT

No. 8310SC846

(Filed 5 June 1984)

Intoxicating Liquor § 2.4— repeal of malt beverage and unfortified wine permits— no error

    A trial court properly affirmed an order issued by the North Carolina Alcoholic Beverage Control Commission cancelling petitioner's malt beverage and unfortified wine permits where petitioner failed to meet the qualification of G.S. 18B-1000(6) in that its gross receipts from alcoholic beverages in

January through July of 1982 were greater than its gross receipts from non-alcoholic beverages and food. There was no merit to petitioner's contention that its rights must be determined under the statute in effect at the time of the election concerning alcoholic beverages in its town, G.S. 18A-52(k). G.S. 18B-100 and Sections 10 and 11 of Chapter 412.

APPEAL by petitioner from *Bailey, Judge.* Judgment entered 9 March 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 7 May 1984.

Petitioner appeals from a trial court order affirming an order issued by respondent, the North Carolina Alcoholic Beverage Control Commission (the Commission), cancelling petitioner's malt beverage and unfortified wine permits.

The pertinent facts are:

Following a local election in 1977 in which citizens of Blowing Rock voted to allow on-premises sales of beer and wine by Grade A restaurants and hotels, petitioner, in 1980, obtained permits to sell beer and wine. Petitioner held such permits until December 1982 when the Commission found that petitioner did not meet the statutory definition of "restaurant" and was not qualified to hold said permits. Petitioner then instituted court action to reverse the Commission's decision. Before trial, the Town of Blowing Rock was allowed to intervene as a party respondent.

*Parker, Sink, Powers, Sink & Potter, by William H. Potter, Jr., for petitioner-appellant.*

*David S. Crump, Special Deputy Attorney General, for respondent North Carolina ABC Commission.*

*Clement & Miller, by Charles E. Clement, for respondent-intervenor Town of Blowing Rock.*

VAUGHN, Chief Judge.

I.

The issue on this appeal is whether the Commission erred in cancelling petitioner's permits to sell beer and wine after finding that petitioner was not a *bona fide* restaurant under G.S. 18B-1000(6). Our scope of inquiry in reviewing the Commission's application and interpretation of G.S. 18B-1000(6) is governed by

the Administrative Procedure Act, G.S. 150A-51(4). Pursuant to G.S. 150A-51(4), a court reviewing the Commission's interpretation of a statute may employ *de novo* review and substitute its own judgment for that of the Commission. *Savings and Loan League v. Credit Union Comm.*, 302 N.C. 458, 276 S.E. 2d 404 (1981). After reviewing the legislative history of the Alcoholic Beverage Control Laws and based upon the record, we have found no error in the Commission's determination.

Chapter 18A of the General Statutes, enacted to regulate the sale of alcoholic beverages, was in effect in 1980 when petitioner received its permits. G.S. 18A-52(k) defined restaurant, in pertinent part, as "a business . . . engaged primarily and substantially in preparing and serving meals." Following the 1981 Session Laws, effective 1 January 1982, Chapter 18A of the General Statutes was repealed and replaced by Chapter 18B, which contains in G.S. 18B-1000(6) a definition of restaurant substantially similar to the definition in G.S. 18A-52(k), but with an additional qualification. *See* 1981 N.C. Sess. Laws, Ch. 412, § 2. G.S. 18B-1000(6), in pertinent part, provides: "To qualify as a restaurant, an establishment's gross receipts from food and non-alcoholic beverages shall be greater than its gross receipts from alcoholic beverages." The facts here showed that petitioner did not meet the new qualification in the G.S. 18B-1000(6) definition of restaurant since its gross receipts from alcoholic beverages in January through July 1982 were greater than its gross receipts from non-alcoholic beverages and food.

II.

Petitioner contends that the proper statute to apply in determining whether petitioner is a restaurant qualified to sell beer and wine is G.S. 18A-52(k) and that the Commission erred in applying G.S. 18B-1000(6). We disagree.

Generally, the unconditional repeal of a statute takes away rights given by the repealed statute. *In re Incorporation of Indian Hills*, 280 N.C. 659, 186 S.E. 2d 909 (1972). The legislation repealing Chapter 18A and enacting Chapter 18B of the General Statutes is contained in Chapter 412 of the 1981 Session Laws. Section 11 of Chapter 412 prescribes the unconditional repeal of Chapter 18A and adoption of Chapter 18B. In pertinent part, Section 11 provides: "This act shall become effective January 1, 1982

. . ."[1] Pursuant to this provision, as of 1 January 1982, petitioner's permits, though perhaps valid under prior law, became invalid under G.S. 18B-1000(6).

An exception to the general rule regarding the unconditional repeal of a statute occurs when the repealing act contains a "savings clause" preserving pre-existing rights. *See Heath v. Board of Commissioners*, 292 N.C. 369, 233 S.E. 2d 889 (1977); *see also id.* Petitioner contends, in effect, that Section 10 of Chapter 412 contains a "savings clause" preserving the validity of its permits issued under the old definition of restaurant in G.S. 18A-52(k).

After examining the language in Section 10 and in light of the recognized principle in favor of construing provisions with reference to each other, we disagree with petitioner's proposed interpretation. *See Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). Section 10 provides:

> All sales of alcoholic beverages which were approved in elections held before the effective date of this act remain valid under the terms of those elections except as G.S. 18B-603 allows the issuance of permits that were not authorized under the comparable provisions of Chapter 18A. Any ABC permit issued before the effective date of this act remains valid until its expiration date, or until suspended or revoked or replaced with the equivalent permit issued under Chapter 18B.

1981 N.C. Sess. Laws, Ch. 412, § 10. We interpret this section as authorizing the sale of alcoholic beverages approved in elections held before the effective date of Chapter 18B. Section 10, in this case, preserves the effect of the 1977 election by the Town of Blowing Rock to permit on-premises sales of beer and wine by Grade A restaurants and hotels. It does not, however, preserve the validity of petitioner's permits. Section 10 specifically provides that permits like petitioner's issued before the enactment of Chapter 18B become invalid upon expiration, *or* upon suspension, revocation, or replacement. In this case, petitioner's permits became invalid upon the Commission's justifiable revocation.

---

1. Pursuant to Section 11, the provisions in Chapter 18B concerning city and county elections for the sale of alcoholic beverages became effective upon ratification.

In construing G.S. 18B-1000(6) so as to apply to petitioner, we have effectuated the avowed legislative intent underlying Chapter 18B to "establish a uniform system of control over the sale . . . of alcoholic beverages in North Carolina, and to provide procedures to insure the proper administration of the ABC laws under a uniform system throughout the State." G.S. 18B-100. In affirming the revocation of petitioner's permits, we have heeded the legislative mandate to liberally construe Chapter 18B "to the end that the sale . . . of alcoholic beverages shall be prohibited except as authorized in this Chapter." G.S. 18B-100; *see Pie in the Sky v. Board of Alcoholic Control,* 55 N.C. App. 655, 286 S.E. 2d 649, *review denied and appeal dismissed,* 305 N.C. 760, 292 S.E. 2d 575 (1982).

In *Pie in the Sky, supra,* after analyzing the legislative intent underlying the Alcoholic Beverage Control Laws as expressed in G.S. 18A-1, the Chapter 18A counterpart to G.S. 18B-100, we affirmed an order by the Commission like the one here revoking the permits of an establishment in the Town of Blowing Rock on the grounds that such establishment did not qualify as a *bona fide* restaurant under the effective statute, G.S. 18A-52(k). Like our application of G.S. 18A-52(k) to the establishment in *Pie in the Sky,* our application of G.S. 18B-1000(6) to petitioner's establishment here accords with the avowed legislative purpose underlying the enactment of the Alcoholic Beverage Control Laws. G.S. 18B-100, *et seq.*

Petitioner attempts to distinguish *Pie in the Sky* on the grounds that G.S. 18A-52(k) became effective *before* the Town's 1977 election whereas G.S. 18B-1000(6) did not become effective until 1982, five years *after* the Town's election. Petitioner contends, in effect, that its rights must be determined under the statute in effect at the time of the election, in this case, G.S. 18A-52(k). Petitioner's contention, however, has no merit here.

The timing of an election, though significant in determining rights pursuant to G.S. 18A-52(k) is irrelevant in determining rights pursuant to G.S. 18B-1000(6). The 1977 Session Laws enacting G.S. 18A-52(k) provide in pertinent part: "This act shall apply only to those counties or municipalities wherein elections are held under G.S. 18A-52 *subsequent* to the ratification of this act." 1977 N.C. Sess. Laws, Ch. 149, § 2. (Emphasis added.) Because of this

provision, it was necessary to our holding in *Pie in the Sky* to find that the election had occurred after the effective date of G.S. 18A-52(k). The 1981 Session Laws enacting Chapter 18B contain no similar provision limiting the application of the act. By express legislative mandate, G.S. 18B-1000(6), effective 1 January 1982, prohibits the authorized sale of beer and wine by petitioner.

## III.

We have examined petitioner's other assignments of error and have determined that they are without merit.

We find no merit in petitioner's contention that the trial court order violated its due process rights. The right to sell beer and wine has its foundation in a validly issued permit and does not exist as a constitutional or property right. *Hursey v. Town of Gibsonville*, 284 N.C. 522, 202 S.E. 2d 161 (1974).

Affirmed.

Judges BRASWELL and EAGLES concur.